■     SAM BECK et al., Respondents-Appellants, v HARRY COBY, Appellant-Respondent, et al., Defendant.—Judgment, Supreme Court, Bronx County, entered on March 17, 1975, in favor of plaintiffs, after trial on the issue of liability only, before Kraf, J., and a jury, unanimously reversed, on the law and on the facts, and matter remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. The trial court erred in determining that the parking lot in question "does fall within the provisions of section 1100 and [subdivision (a) of section 1210] of the Vehicle and Traffic Law". The parking lot involved cannot be construed as either a highway or a private road open to public motor vehicle traffic, as provided for in section 1100. Accordingly, subdivision (a) of section 1210 is not applicable to the case at bar. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.

■     STEPHEN SPILKY, Appellant, v PARKING VIOLATIONS BUREAU et al., Respondents.—Order and judgment (one paper), of Supreme Court, New York County, entered December 9, 1975, unanimously modified, on the law, to the extent of striking the penultimate paragraph thereof and inserting, instead, a declaration that the absence of rules and regulations of the parking violations bureau from the most recent cumulative compilation of the rules and regulations of New York City agencies has not deprived plaintiff of due process of law. Except as so modified, said order and judgment (one paper) is affirmed for the reasons stated by Special Term, without costs or disbursements. Plaintiff alleged that section 235 of the Vehicle and Traffic Law violates section 16 of article III of the New York State Constitution and that he was denied due process because the rules and regulations of the parking violations bureau, a copy of which he had, do not appear in the most recent edition (1967) of the cumulative Compilation of Rules and Regulations of New York City Agencies compiled by the Corporation Counsel of the City of New York. After properly declaring that the statute does not violate the Constitution, Special Term dismissed the supplemental complaint. Since plaintiff sought a declaratory judgment, the dismissal of his complaint was error even though he was not entitled to both declarations sought. *(Lanza v Wagner,* 11 NY2d 317, 334.) Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ.

■     KELLY-MASP PILEDRIVING CORP., Respondent, v VITA FOOD PRODUCTS, INC., et al., Appellants.—Order, Supreme Court, Bronx County, entered on October 10, 1975, granting plaintiff's motion to vacate the dismissal of this action which had resulted from the application of CPLR 3404, unanimously affirmed, without costs and without disbursements. The various procedural steps taken by the parties hereto, subsequent to the time that this matter was marked off the calendar, clearly support plaintiff's view, as adopted by the court below, that it never intended to abandon this action. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ.