■ SAM BECK et al., Appellants, v HARRY COBY, Respondent, et al., Defendant.—Judgment of the Supreme Court, Bronx County, entered in the office of the clerk on November 15, 1976, dismissing plaintiff's complaint on an agreed statement of facts, unanimously affirmed, without costs and without disbursements. After the first trial herein, which was on liability only, this court reversed the judgment for plaintiffs and remanded for a new trial on the sole ground that the trial court had erred in charging the jury that section 1100 and subdivision (a) of section 1210 of the Vehicle and Traffic Law were applicable. At the second trial, after a jury had been selected, plaintiffs and defendant agreed to waive a jury and "have the court rule upon those facts as a matter of law". The facts as agreed upon were essentially as follows: Defendant parked his car at a parking lot on the morning of June 30, 1969 leaving the car open and the key in the ignition. When the parking attendant left the parking lot at 6:00 P.M., defendant's car was still there and the parking attendant left the keys in the sun visor. Upon returning to the parking lot shortly after 6:00 P.M., defendant discovered his car had been stolen from the lot. At about 6:30 P.M. that day, the vehicle, operated on the city streets by the thief, mounted a sidewalk and injured plaintiffs. Defendant had not given consent or permission to anyone to operate the automobile. We agree with the trial court that as a matter of law there was a failure of proof to charge the owner with liability under the theory of common-law negligence and that, accordingly, the complaint should be dismissed. Assuming the owner was negligent in leaving the key in the ignition of his unlocked vehicle, that negligence facilitated the theft of the vehicle but was not the proximate cause of the accident resulting in plaintiff's injuries *(Lotito v Kyriacus,* 272 App Div 635, mot for lv to app dsmd 297 NY 1027; *Guaspari v Corsky,* 36 AD2d 225, 228, app dsmd 29 NY2d 891). On the first appeal this court did not rule implicitly, as plaintiffs now contend, that a prima facie case of common-law negligence had been established. We made no determination as to common-law negligence. We merely held that the specified sections of the Vehicle and Traffic Law were inapplicable to the case. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.