■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v DIMITRA MAVROIDAKOS, Appellant, and BRIGGS LEASING CORP. et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered August 24, 1976, which granted petitioner's motion for a permanent stay of arbitration, unanimously reversed, on the law and the facts, and the stay denied and arbitration directed, with $40 costs and disbursements of this appeal to appellant. The respondent-appellant was a passenger in an automobile involved in a collision with a vehicle owned by the respondent Briggs Leasing Corp. and leased to respondent Berton. Appellant made a demand upon the petitioner insurance company which insured the vehicle in which she was riding, for arbitration for personal injuries under the uninsured motorists endorsement of their policy, on the ground that the other vehicle belonging to Briggs had been stolen and was therefore uninsured. It is clear that the offending vehicle was stolen and uninsured, but the court at trial found the leasing company to be negligent in allowing the offending vehicle to be stolen, and accordingly the order embodying the findings at trial was entered, staying the arbitration. At issue is the meaning of subdivision (a) of section 1210 of the Vehicle and Traffic Law (see, also, § 1100). The unattended motor vehicle was stolen from the leasing company's parking lot. The individual Berton was its service manager. The keys were in his office on a board with numbered tags. We have heretofore held that in a similar situation the parking lot would not be considered a "highway or a private road open to public motor vehicle traffic". (See *Beck v Coby*, 52 AD2d 559.) Accordingly, subdivision (a) of section 1210 is not applicable, and therefore Briggs and Berton cannot be considered to have been negligent. Concur—Kupferman, J. P., Evans, Fein, Lane and Markewich, JJ.