■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AMOS ROCKWELL KENYON, Respondent. — Orders unanimously affirmed. Memorandum: Special Term properly dismissed the indictment charging defendant with the crime of operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 1192, subd 3), because of his conduct on a private parking lot which served the patrons of a restaurant and bank. Section 1192 of the Vehicle and Traffic Law proscribes driving while intoxicated without specifying where it applies. It is but one statutory provision within title 7 of the Vehicle and Traffic Law entitled "Rules of the Road," and section 1192, by the clear terms of section 1100 (subd [a]) of title 7 applies only "upon highways and upon private roads open to public motor vehicle traffic". "Highway" is defined as "every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." (Vehicle and Traffic Law, § 118.) "Private road" is defined as "[e]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." (Vehicle and Traffic Law, § 133.) Since the restaurant parking lot is not a way " 'over which the public have a general right of passage' " (*People v County of Westchester*, 282 NY 224, 228) it is not a "highway," and the issue is whether it is a "private road * * * open to public motor vehicle traffic" (Vehicle and Traffic Law, § 1100, subd [a]). In cases involving unattended motor vehicles (Vehicle and Traffic Law, § 1210) it has been uniformly held that a parking lot is not a highway or private road open to public motor vehicle traffic as provided for in section 1100 of the Vehicle and Traffic Law (*State Farm Mut. Auto. Ins. Co. v Mavroidakos*, 63 AD2d 933; *Beck v Coby*, 52 AD2d 559; *Podstupka v Brannon*, 81 Misc 2d 338, affd on opn at Trial Term 54 AD2d 692). Certainly it is obvious that the restaurant parking lot is not designed for "vehicular travel" with traffic lanes or routes for motor vehicles to travel or pass between points. It is private property open to the customers of the restaurant and bank who possess the implied permission to use the area for its designed purpose; i.e., a place to park a vehicle while enjoying the services of the establishments. While we recognize that driving while intoxicated should always be prohibited, in no fair sense could it be concluded that the restaurant parking lot falls within the

meaning of section 1100 and that section 1192 applies to conduct which occurs there (see *People v Thew,* 44 NY2d 681; compare *People v Collins,* 70 AD2d 986). Any change in existing law must come from the Legislature. (Appeals from orders of Onondaga Supreme Court, Gorman, J. — dismiss indictment.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Schnepp, JJ.