■ GARY R. ZWERDLING, Respondent, v HENRY GILLIS et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered November 19, 1982 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint. On October 26, 1980, defendant Henry Gillis left his codefendant wife's automobile in a supermarket parking lot with the motor idling while he went into the market to make a purchase. The vehicle was stolen. The Kingston City police, along with plaintiff, an Ulster County deputy sheriff, responded to defendant Henry Gillis' call. An automobile chase ensued during which the thief forced plaintiff off the road where he crashed into a telephone pole. In October, 1981, plaintiff commenced an action against defendants, pursuant to subdivision 1 of section 673 of the Insurance Law, for injuries he allegedly sustained in the chase of the thief of defendants' car. After issue was joined and discovery conducted, defendants moved for summary judgment dismissing the complaint. Special Term denied the motion and this appeal by defendants ensued. We reverse. While subdivision (a) of section 1210 of the Vehicle and Traffic Law provides, in pertinent part, that "[n]o person driving * * * a motor vehicle shall permit it to stand unattended without first stopping the engine", subdivision (a) of section 1100 of the Vehicle and Traffic Law limits the application of section 1210 to vehicles "upon highways and upon private roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section". Since a different place is not specifically referred to in section 1210, violations of that section occur only if one leaves an unattended vehicle idling upon a highway or a private road open to public vehicles. It is well settled that a private parking lot, as here, cannot be construed as either a highway or a private road open to public traffic (see *State Farm Mut. Auto. Ins. Co. v Mavroidakos,* 63 AD2d 933; *Beck v Coby,* 52 AD2d 559). Accordingly, since we hold that section 1210 of the Vehicle and Traffic Law is inapplicable to the facts of this case as a matter of law, it follows that Special Term erred in denying defendants summary relief upon that ground. Next, it has long been held that the owner of a stolen motor vehicle is not liable for the negligence of a thief because the use of the car by the thief intervened between the occurrence of the owner's negligence and the thief's unskilled driving (*Beck v Coby,* 58 AD2d 565). It can fairly be argued, however, that the enactment of subdivision (a) of section 1210 of the Vehicle and Traffic Law was intended to address the common-law doctrine which insulated a negligent vehicle owner from liability when his act set in motion the chain of events that could ultimately, as here, cause injury to an innocent third person. However, it is ·clear that the Legislature was cognizant of the legitimacy of its reach in providing protection to innocents when it limited the protection of section 1210 of the Vehicle and Traffic Law to vehicles upon "highways" and "private roads open to the public motor vehicle traffic". Therefore, since the idling motor vehicle was left in a private parking lot, it not only did not violate section 1210 of the Vehicle and Traffic Law, it also failed to trigger the statutory exception to the common-law doctrine shielding defendants from liability. Order reversed, on the law, with costs, defendants' motion for summary judgment granted and complaint dismissed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.