OPINION OF THE COURT
Jules E. Orenstein, J.
The court hereby denies the portion of the defendant’s motion that seeks to dismiss the simplified traffic information charging him with operating a motor vehicle while having .10% or more of alcohol in his blood in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.
The defendant has been accused of committing this act within the parking lot of the White Castle Restaurant in Lynbrook, New York, on May 13, 1984.
The defendant’s motion is founded upon the contention that he was not operating the vehicle upon a “public highway” or upon “public property” and that section 1192 is therefore inapplicable.
A review of subdivision 7 of section 1192, an addition to the statute that became effective September 1, 1982, reveals that defendant’s argument is erroneous.
Pursuant to subdivision 7 of section 1192 “7. The provisions of this section apply upon public highways, private roads open to public motor vehicle traffic, parking areas of shopping centers, as defined in section one hundred twenty-nine-a of this chapter, and any other parking lot. *401 For the purposes of this section ‘parking lot’ shall mean any area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such store and business establishments.”
Clearly, the parking lot of the White Castle Restaurant falls within the parameters of subdivision 7 and thus section 1192 of the Vehicle and Traffic Law is applicable.
The court further notes that under title VII of the Vehicle and Traffic Law (“Rules of the Road”), subdivision (a) of section 1100 recites that “[t]he provisions of this title apply upon highways and upon private roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section.”
Subdivision 7 of section 1192 does make a specific reference to its applicability to areas other than highways and private roads and therefore the restrictions contained in section 1100 are not a bar to this prosecution.
All of the cases cited by defense counsel in support of its position, except one, were decided prior to the effective date of subdivision 7 of section 1192 of the Vehicle and Traffic Law. Since the effective date of subdivision 7, it cannot be legitimately asserted that a driving while intoxicated offense occurring within the confines of a parking lot is not punishable under section 1192 of the Vehicle and Traffic Law.
The single case relied upon by the defense which involves an incident that transpired subsequent to the effective date of subdivision 7 of section 1192 is People v Ostermeier (118 Misc 2d 68). In that instance the defendant had been charged with the unauthorized use of a motor vehicle. In contrast to the instant matter, the latter crime, by definition, can only occur upon a “public highway”.
The portion of the defendant’s motion for an order suppressing evidence of his incriminating statement based upon the claim that he had not received his Miranda *402 warnings prior to making the statement shall be determined at a hearing to be scheduled. Conference is set for August 28, 1984 at 9:30 a.m. in Criminal Part 3.