OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court of Chemung County should be affirmed.
 

 
 *660
 
 Defendant was apprehended in the driveway of a parking lot which was between two buildings of a 12-building apartment complex and charged with driving while intoxicated. The two buildings contain 14 apartments and the parking lot has 14 spaces, one space being reserved for each tenant of the two buildings. A sign at the entrance to the lot restricts use of the spaces to tenants. The business office for the apartment complex is in one of the other buildings and there are no stores or business establishments in either of the two buildings serviced by the lot.
 

 Defendant’s motion to dismiss the. information was denied by the Recorder’s Court. She pleaded guilty and appealed to the County Court, which reversed, holding that Vehicle and Traffic Law § 1192 did not apply to the parking lot, and dismissed the information.
 

 Former subdivision 7 of Vehicle and Traffic Law § 1192 (now Vehicle and Traffic Law § 129-b) defines "parking lot” as an area of "private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments.” The parking lot in question was restricted to use by tenants of the two buildings and could not be considered to have been used "by the public”, even if we accepted the People’s highly technical characterization of apartments as business establishments of the landlord rather than the residences of the tenants, which in fact they were. Nothing in the legislative history of the Laws of 1982 (ch 487), which enacted former section 1192 (7), suggests a contrary legislative intent. Indeed, the specific reference in Vehicle and Traffic Law § 1660-a to "the parking area and private streets or roadways of a private apartment house complex” shows that when the Legislature intended to include such areas it knew how to do so. The information was properly dismissed (see,
 
 People v Kenyon,
 
 85 AD2d 916;
 
 cf. People v Farmer,
 
 44 NY2d 681;
 
 People v Taylor,
 
 202 Misc 265; Ann., 29 ALR3d 938).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 Order affirmed in a memorandum.