OPINION OF THE COURT
Anthony R. Corso, J.
The defendant, James Copeland, is charged with operating a vehicle on September 19, 1983 while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2) and (3). A nonjury trial of this matter was held on March 13, 1986.
The defendant, an employee of Kings Park Psychiatric Center, located in Suffolk County, was causing a disturbance in one of the administration buildings. The security officer *991 responded and removed the defendant from the building and escorted him to his vehicle. The defendant thereupon entered and started the vehicle in a parking lot and promptly struck a parked vehicle. Mr. Copeland was arrested by Security Officer Delferraro, a person designated as a peace officer. (See, CPL 2.10 [12].) The Suffolk County Police Department was called and the defendant was transported to the local precinct where he consented to a breathalyzer test which showed that he had .22 of 1% of alcohol in his blood.
At the outset, the question is presented whether the defendant may be charged with driving while intoxicated, an offense which occurred exclusively on the grounds and in the parking lot of this hospital. The prohibition of driving while intoxicated (Vehicle and Traffic Law § 1192) is found in Vehicle and Traffic Law title VII, Rules of the Road. The provisions of this title apply mainly to public highways and certain other designated areas. (See, Vehicle and Traffic Law § 1100; People v Conzo, 100 Misc 2d 143.)
In People v Kenyon (85 AD2d 916 [1981]), the court was considering the charge of driving while intoxicated which occurred in a private parking lot which served the patrons of a restaurant and bank. The court relied on Vehicle and Traffic Law § 1100 (a) which stated that the provisions of title VII apply only "upon highways and upon private roads”. The court found that a private parking lot was neither of these. In approving the trial order of dismissal, the court stated that "[a]ny change in existing law must come from the Legislature” (see, People v Kenyon, supra, at p 917).
Indeed, the Legislature responded to this invitation with an amendment to Vehicle and Traffic Law § 1192. (See, L 1982, ch 487.) The amendment added subdivision (7) to Vehicle and Traffic Law § 1192 and reads: "7. The provisions of this section apply upon public highways, private roads open to public motor vehicle traffic, parking areas of shopping centers, as defined in section one hundred twenty-nine-a of this chapter, and any other parking lot. For the purposes of this section 'parking lot’ shall mean any area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments * * * and for the parking of motor vehicles of customers and patrons of such store and business establishments.”
This was the law in effect at the time of the incident precipitating the instant case. However, it should be noted *992 that in 1984 the Legislature repealed Vehicle and Traffic Law § 1192 (7) and amended Vehicle and Traffic Law § 1100 and added Vehicle and Traffic Law § 129-b. (See, L 1984, ch 166.) Vehicle and Traffic Law § 1100 was amended to apply the provisions of title VII to "public highways, private roads open to public motor vehicle traffic and any other parking lot”. Vehicle and Traffic Law § 129-b was added as a definition of a parking lot in the same words found in Vehicle and Traffic Law § 1192 (former 7).
In People v Tornatore (125 Misc 2d 400), the court addressed a factual situation similar to that of People v Kenyon (supra), and applying the new legislation reached a different conclusion. In this case the defendant moved to dismiss a charge of driving while intoxicated which occurred within the parking lot of the White Castle Restaurant. The court denied the motion finding that "the parking lot of the White Castle Restaurant falls within the parameters of’ Vehicle and Traffic Law § 1192 (7) and thus Vehicle and Traffic Law § 1192 is applicable. (See, People v Tornatore, supra, at p 401.)
Nevertheless, there are "parking lots” which do not fit the legislative definition found in Vehicle and Traffic Law § 1192 (former 7) and presently in Vehicle and Traffic Law § 129-b and in which violations of Vehicle and Traffic Law § 1192 are inapplicable. In People v Williams (66 NY2d 659), the Court of Appeals decided a case where the defendant was apprehended in the driveway of a parking lot which was between buildings of a 12-building apartment complex and charged with driving while intoxicated. The court applied the definition of a parking lot found in former subdivision (7) (now Vehicle and Traffic Law § 129-b), observing: "The parking lot in question was restricted to use by tenants of the two buildings and could not be considered to have been used 'by the public’, even if we accepted the People’s highly technical characterization of apartments as business establishments of the landlord rather than the residences of the tenants, which in fact they were.” (See, People v Williams, supra, at p 660.) Therefore, the court found that the information was properly dismissed.
Returning to the case sub judice and applying the above definition of a parking lot to that factual situation it is clear that this parking lot does not fall within the ambit of the definition found in Vehicle and Traffic Law § 1192 (former 7), now Vehicle and Traffic Law § 129-b. Kings Park Psychiatric Center is a New York State Mental Health Facility and cannot be considered a store or business establishment. (See, *993 Mental Hygiene Law § 7.17.) Nor can this parking area be considered as one provided for customers or patrons of a store or business establishment. Accordingly, the People have failed to prove that Vehicle and Traffic Law § 1192 has any application in the area where the offense is alleged to have occurred.
Therefore, the court finds the defendant not guilty.