■ BETH A. BERK et al., Appellants, v GERALD HILL et al., Respondents. (And a Third-Party Action.)—Weiss, J. Appeal (1) from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered November 27, 1985 in Broome County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from the judgments entered thereon.

On August 28, 1980, defendant Gerald Hill parked the automobile owned by his wife, defendant Barbara Hill, in a parking lot adjacent to the offices of New York State Electric and Gas on Chenango Street in the City of Binghamton, Broome County.[1] He left the car keys in the ignition and, upon returning 15 minutes later, found the car was missing. En route to notify the police, Gerald Hill saw the car on Chenango Street and unsuccessfully attempted to retrieve the keys when it was stopped for a traffic signal. He then immediately reported the theft to the police. Subsequently, during hot pursuit by both Binghamton and Town of Vestal police cars, the Hill car, driven by the thief, collided with plaintiffs' automobile at an intersection in the Town of Vestal, Broome County. Plaintiffs commenced this action to recover damages for personal injuries. Defendants in turn commenced the third-party action against the police officers and Binghamton and Vestal Police Departments. Special Term granted the motions by defendants for summary judgment dismissing the complaint, giving rise to this appeal.

Initially, we concur with Special Term in its finding that at

---

1. It is alleged that at the time of the incident Gerald Hill was in the course of his employment for defendants Clean-It, Inc. and Clean-It Company, a division of defendant Hauser Equipment Rental, Inc.

common law, the owner of an automobile who leaves a key in the ignition is not liable for the negligence of a thief who steals the car. In *Zwerdling v Gillis* (99 AD2d 564, *appeal discontinued* 62 NY2d 804), this court held that "the owner of a stolen motor vehicle is not liable for the negligence of a thief because the use of the car by the thief intervened between the occurrence of the owner's negligence and the thief's unskilled driving *(Beck v Coby,* 58 AD2d 565)". Nor can it be held that general common-law tort liability applies based upon the foreseeability that a car with the ignition key left in place is likely to be stolen *(see, Epstein v Mediterranean Motors,* 109 AD2d 340, 343-344, *affd* 66 NY2d 1018; *see also, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681).

Nor can we agree with plaintiffs' contention that statutory liability may be found pursuant to Vehicle and Traffic Law § 1210 (a), commonly referred to as the "key in the ignition statute". At the time of the events herein, that statute read as follows: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition [and] removing the key from the vehicle" (Vehicle and Traffic Law § 1210 [a]). Section 1210 (a) is part of Vehicle and Traffic Law, title 7, article 33. At the relevant time, Vehicle and Traffic Law § 1100 (a) provided that the provisions of title 7 "apply upon highways and upon private roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section".[2] Vehicle and Traffic Law § 133 defines a private road as "[e]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons". Although Special Term correctly held that the parking lot was not a public highway and thus statutory liability on that basis did not lie, the court failed to reach the question of whether the parking lot was a private road within the scope of Vehicle and Traffic Law § 1100 and, if so, whether that formed a basis for statutory liability.

The term private road is defined as a private place used for vehicular traffic by the owner and those with the owner's permission, the most significant factor being whether the area was used by vehicular traffic *(see, Podstupka v Brannon,* 81 Misc 2d 338, 340, *affd* 54 AD2d 692). "In cases involving

2. Vehicle and Traffic Law § 1100 was amended in 1984 by the Laws of 1984 (ch 166) to expand its coverage to include "any other parking lot".

unattended motor vehicles (Vehicle and Traffic Law, § 1210) it has been uniformly held that a parking lot is not a highway or private road open to public motor vehicle traffic as provided for in section 1100 of the Vehicle and Traffic Law" *(People v Kenyon,* 85 AD2d 916; *accord, Zwerdling v Gillis, supra).*

There is no presumption that the parking lot was a private road open to public motor vehicle traffic, designed with traffic lanes or routes for motor vehicles to travel or pass between points. It was enclosed by a chain link fence on three sides and a building on the fourth side; signs said "Private Parking Lot".

It was plaintiffs' burden to establish the existence of a question of fact capable of proof at trial as to whether the parking lot was a highway or a private road *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Albouyeh v County of Suffolk, supra,* p 544). Having failed to sustain this burden, summary judgment dismissing the complaint was proper.[3]

Order and judgments affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

3. Since no basis of liability against the Hills was established, no vicarious liability can be found against Clean-It, Gerald Hill's employer. Even if a cause of action is found to exist against the Hills, plaintiffs have not met their burden of presenting proof that Gerald Hill was acting within the scope of his employment at the time of the accident as is necessary to establish a cause of action against Clean-It *(see, Lundberg v State of New York,* 25 NY2d 467, 470). Plaintiffs merely presented conclusory allegations which are not sufficient to defeat a motion for summary judgment dismissing the complaint *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281).