■ ANDREW KATZ, Appellant, v GOODYEAR TIRE & RUBBER Co., Respondent, et al., Defendant. (And a Third-Party Action.) —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered April 10, 1987, which granted the motion of the defendant Goodyear Tire & Rubber Co. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

On August 7, 1984, a vehicle owned by the codefendant Gilbert H. Balter was stolen from a parking lot behind an automobile service station owned by the defendant Goodyear Tire & Rubber Co. (hereinafter Goodyear). The plaintiff was subsequently injured when his automobile collided with the stolen vehicle. Since the plaintiff's injuries were the result of the negligence of the car thief, Goodyear is not liable at common law *(see, Epstein v Mediterranean Motors,* 109 AD2d 340, *affd* 66 NY2d 1018; *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681; *Berk v Hill,* 126 AD2d 920). Furthermore, since the subject vehicle was stolen from a private parking lot rather than from a street open to public traffic, and since the incident occurred before the effective date of the 1984 amendment to Vehicle and Traffic Law § 1100 (a) *(see,* L 1984, ch 166, § 4), Goodyear is not liable for a violation of Vehicle and Traffic Law § 1210 *(see, Berk v Hill, supra).* Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.