■ ALI HOWARD, Appellant, v GEORGE KISKIEL, Respondent. —Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff seeks to recover for personal injuries he sustained while a passenger in an automobile owned by and stolen from defendant. Special Term properly granted defendant's motion for summary judgment dismissing the cause of action for common-law negligence because at common law, the owner of an automobile who leaves his keys in his car is not liable for the negligence of a thief who steals the automobile; "the use of the car by the thief intervened between the occurrence of the owner's negligence and the thief's unskilled driving" (Zwerdling v Gillis, 99 AD2d 564; see also, Berk v Hill, 126 AD2d 920, 921, lv denied 70 NY2d 602; Beck v Coby, 58 AD2d 565).

The court erred, however, in dismissing the cause of action for negligence based upon an alleged violation of Vehicle and Traffic Law § 1210 (a), commonly referred to as the "key in

the ignition statute", because plaintiff came forward with evidentiary proof in admissible form which demonstrates the existence of questions of fact with respect to the location from which the vehicle was stolen and whether the keys were left in the ignition *(see,* Vehicle and Traffic Law §§ 1100, 1210 [a]). (Appeal from judgment of Supreme Court, Oneida County, Parker, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.