OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of criminally negligent homicide (Penal Law § 125.10), among other crimes, for causing the death of a passenger in the motor vehicle he was driving. To find defendant guilty of such crime, the jury must have concluded that he acted with criminal negligence, i.e., he failed to perceive a substantial and unjustifiable risk of such nature and degree that such failure constituted a gross deviation from the standard of care that a reasonable person would have observed in the situation (see, Penal Law § 15.05 [4]).
The evidence in this case, viewed in the light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203), is that defendant, while legally intoxicated, drove his *852 motor vehicle in the dark of night from a public highway into an unfamiliar farmer’s field, accelerated at times to a speed approximating 50 miles per hour, intermittently operated the vehicle without headlights, and suddenly and forcefully drove through a hedgerow of small trees and shrubs, not knowing what obstacles and dangers lurked on the other side. A rational juror could certainly have found that this conduct grossly deviated from the standard of care a reasonable person would have observed in a similar situation. Accordingly, the conduct was sufficiently blameworthy to sustain defendant’s conviction for criminally negligent homicide (see, People v Boutin, 75 NY2d 692, 695-696).
Defendant was also rightly convicted of vehicular manslaughter in the second degree (Penal Law § 125.12). His contention that he was improperly convicted of that crime because he was not driving on "public highways, private roads open to motor vehicle traffic [or] any other parking lot” (Vehicle and Traffic Law § 1192 [5] [now subd (7)]) at the time of the crime is without merit. Under Penal Law § 125.12, a person is guilty of vehicular manslaughter in the second degree when he commits a crime of criminally negligent homicide and "(2) causes the death of such other person by operation of a vehicle in violation of subdivision two, three or four of section eleven hundred ninety-two of the vehicle and traffic law.” Subdivisions (2), (3) and (4) of section 1192 prohibit driving while intoxicated or while under the influence of drugs. Significantly, the Penal Law does not incorporate subdivision (5) (now subd [7]) of section 1192, which limits the prohibition against driving under the influence to driving on public roads or other public property. With the understanding that penal laws have different purposes than vehicle and traffic laws, we conclude the vehicular manslaughter statute applies to any person causing a death by driving under the influence of alcohol or drugs, regardless of location, even though there could be no separate punishment for such driving under Vehicle and Traffic Law § 1192 where the driving did not occur on public roads or other areas defined in that section. Defendant’s other arguments are lacking in merit.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.