■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v GERALD WEBER et al., Respondents. [608 NYS2d 481] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), entered December 6, 1991, which, after a framed issue trial on the issue of coverage on the offending vehicle, dismissed the proceeding for failure to make out a prima facie case.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On May 26, 1990, Ellen Weber and Lee Sharmat were involved in a motor vehicle accident with a 1987 Ford motor vehicle insured by the Aetna Casualty & Surety Company (hereinafter Aetna). At the time of the accident, the vehicle insured by Aetna was being driven by an unidentified individual. Weber and Sharmat submitted a claim to Aetna, which was rejected on the theory that the vehicle had been stolen prior to the accident. Weber and Sharmat then filed a claim under the uninsured motorist endorsement of Gerald Weber's policy with the petitioner, Interboro Mutual Indemnity Insurance Company (hereinafter Interboro). Interboro then commenced the instant proceeding to stay the arbitration.

The petitioner claimed that because Aetna's insured left his vehicle unattended, pursuant to Vehicle and Traffic Law § 1210 (a) and § 388 (1), Aetna was estopped from denying coverage.

After a hearing on this framed issue, the trial court ruled that the petitioner failed to establish that Aetna's insured

permitted his vehicle to stand unattended within the meaning of the Vehicle and Traffic Law § 1210 (a).

According to the uncontroverted testimony of Aetna's insured, in the early morning hours of May 26, 1990, he was driving his girlfriend home when an argument ensued. Both Aetna's insured and his girlfriend exited the vehicle. A hostile crowd began to gather. Apparently, under the assumption Aetna's insured was assaulting his girlfriend, the crowd assaulted him.

Thereafter, Aetna's insured returned to his vehicle and was sitting inside his vehicle with the keys in the ignition, when an individual punched him through the car window. He opened his door halfway and while leaning against his vehicle and holding the door, the hostile crowd dragged Aetna's insured away from his vehicle and proceeded to assault him a second time. When Aetna's insured attempted to get up, he saw his vehicle being driven away.

Shortly thereafter, while Aetna's insured's vehicle was being operated by an unidentified individual, this vehicle was involved in an accident with Weber's vehicle.

Based upon the above, the trial court did not err in finding that Aetna's insured did not "permit" his vehicle to stand "unattended" within the meaning of Vehicle and Traffic Law § 1210 (a). Accordingly, the trial court correctly dismissed the petitioner's proceeding for failure to establish a prima facie case. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.