■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD J. CLAIR, Respondent. [662 NYS2d 902] —Order unanimously reversed on the law, motion denied, verdict reinstated and matter remitted to Steuben County Court for sentencing. Memorandum: County Court erred in granting defendant's motion to set aside the jury verdict convicting defendant of criminally negligent homicide (Penal Law § 125.10). The court properly charged criminally negligent homicide as a lesser included offense of manslaughter in the second degree (see, People v Green, 56 NY2d 427, 432-433, rearg denied 57 NY2d 775; People v Deitsch, 97 AD2d 327, 329). The evidence, viewed in the light most favorable to the People (see, People v Ford, 66 NY2d 428, 437), establishes that, after consuming alcohol and acting in a generally belligerent manner, defendant engaged in a fight with the victim during which defendant choked the victim and continued to do so even after the victim had gone limp and was no longer resisting. Defendant, a former high school wrestler, had been taught the rules of wrestling, which prohibit holds around the neck that block an airway or exert undue pressure on the neck. The jury could rationally conclude that such conduct grossly deviated from the standard of care a reasonable person would have observed in a similar situation. Therefore, we conclude that defendant's conduct was sufficiently blameworthy to sustain the conviction of criminally negligent homicide (see, People v Harris, 81 NY2d 850, 852; People v Boutin, 75 NY2d 692, 695-696). (Appeal from Order of Steuben County Court, Purple, Jr., J.—Set Aside Verdict.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.