OPINION OF THE COURT
Mark D. Zuckerman, J.
*406 Defendant’s motion to dismiss the misdemeanor information (CPL 170.30 [1] [a], [f]) charging him with operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [3]) and related traffic charges presents a novel issue concerning the place where this crime can be committed.
The information at issue states that defendant Anthony V. Hampton violated Vehicle and Traffic Law § 1192:
“In That: the above named defendant did operate a motor VEHICLE WHILE HE WAS IN AN INTOXICATED CONDITION.
“To Wit: on 10/27/96 at about 1910 hrs. the deft, did operate A 1977 CHEVY SUBN NY REG K364DF IN A SOUTHERLY DIRECTION IN PARKING LOT OF GIOVE FUNERAL HOME, COMMUNITY OF HOLTSVILLE, TOWN OF BROOKHAVEN, COUNTY OF SUFFOLK, NY WHILE IN AN INTOXICATED CONDITION, IN THAT: THE DEFENDANT WAS OPERATING A MOTOR VEHICLE IN PARKING LOT OF GIOVE FUNERAL HOME WHICH WAS CLOSED FOR BUSINESS. UPON INTERVIEWING THE DEFENDANT IT WAS NOTED AND OBSERVED THAT THE DEFENDANT HAS [SIC] A STRONG SMELL OF AN ALCOHOLIC BEVERAGE ON HIS BREATH, HIS EYES WERE BLOODSHOT, SPEECH WAS SLURRED AND HE WAS UNSTEADY ON HIS FEET. DEFENDANT WAS TRANSPORTED TO 6TH PCT. WHERE HE REFUSED TEST THREE SEPERATE [sic] TIMES.
Defendant argues that the statute is inapplicable to him, as he was on private property, with the owner’s permission to be there. Further, he states that the funeral home was not open at the time he was arrested, and thus not open to the public.
However, Vehicle and Traffic Law § 1192 (7) states: “Where applicable. The provisions of this section shall apply upon public highways, private roads open to motor vehicle traffic and any other parking lot. For the purposes of this section ‘parking lot’ shall mean any area or areas of private property, including a driveway, near or contiguous to and provided in connection with premises and used as a means of access to and egress from a public highway to such premises and having a capacity for the parking of four or more motor vehicles. The provisions of this section shall not apply to any area or areas of private property comprising all or part of property on which is situated a one or two family residence.”
Further, section 129-b of the Vehicle and Traffic Law defines a parking lot as: “Any area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the *407 public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments.” (Emphasis added.)
It is uncontested that, at the time of the incident: the defendant was situated in the parking lot of a funeral home; the lot provided parking capacity sufficient for more than four vehicles; and, that the lot was private property. No representation is made that the lot comprises “all or part of property on which is situated a one or two family residence”. (Vehicle and Traffic Law § 1192 [7].) Further, the parties agree that the lot satisfies the requirements of location with regard to access to/from a public way.
Therefore, it seems that the sole point of contention is whether the parking lot of the funeral home is “provided in connection with premises having one or more stores or business establishments”. (Vehicle and Traffic Law § 129-b.) The cases cited by the defendant are clearly distinguishable from the case at bar (People v Williams, 66 NY2d 659 [concerns residential property]; People v Copeland, 132 Misc 2d 990 [concerns government, not private, property]). Clearly, a funeral home is a business, and the court is not persuaded that the fact that the Giove Funeral Home happened not to be open at the time of the alleged offense somehow temporarily rendered the lot something other than a “parking lot” as described in Vehicle and Traffic Law § 1192 (7). Defendant’s motion is, accordingly, denied.