■ GOVERNMENT EMPLOYEES INSURANCE CO., Respondent, v BURNS FORD, INC., Appellant, et al., Defendant. [690 NYS2d 613] —In an action by an insurer to recover payments made to its insureds under a theory of subrogation, the defendant Burns Ford, Inc., appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated May 12, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff had no right in subrogation to recover for payments made to its insureds for basic economic loss against the appellant (see, *Country Wide Ins. Co. v Osathanugrah*, 94 AD2d 513, *affd* 62 NY2d 815). Thus, the plaintiff's second and fourth causes of action should have been dismissed.

In addition, the plaintiff is collaterally estopped from asserting that the offending vehicle was not stolen at the time of the accident, as this issue was decided in the arbitration between the plaintiff and its insureds. Under the circumstances of this case, the appellant owner is not liable for damages resulting from an accident involving its stolen car (Vehicle and Traffic Law § 388). Accordingly, the plaintiff's first, third, and fifth

causes of action should also have been dismissed (*see, Katz v Goodyear Tire & Rubber Co.*, 143 AD2d 639; *see also, Epstein v Mediterranean Motors*, 109 AD2d 340, *affd* 66 NY2d 1018). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.