■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK PRIM, Appellant. [730 NYS2d 809] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the evidence is legally insufficient to support the

conviction of criminally negligent homicide (Penal Law § 125.10). "To find defendant guilty of such crime, the jury must have concluded that he acted with criminal negligence, i.e., he failed to perceive a substantial and unjustifiable risk of such nature and degree that such failure constituted a gross deviation from the standard of care that a reasonable person would have observed in the situation" (*People v Harris,* 81 NY2d 850, 851; *see, People v VanDenBosch,* 142 AD2d 988). Viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), the evidence establishes that, when the police pulled up behind a stolen vehicle stopped at the side of the road at 3:00 A.M., defendant, who was driving the vehicle, purposefully evaded the police by making a U-turn and driving away. The evidence further establishes that defendant continued to evade the police by traveling from Cheektowaga to Buffalo on East Delevan Avenue, often in excess of 80 miles per hour; that he failed to slow down or stop for red lights or stop signs; that the vehicle driven by defendant straddled the center line of the road; that he drove on the wrong side of the road to avoid a road block; and that he attempted to turn onto a side street at a rate of 45 to 50 miles per hour, losing control of the vehicle. The passenger in the vehicle was killed when he either jumped or was ejected from the open passenger-side door before the vehicle struck a house. Defendant's actions were "an actual contributory cause of death, in the sense that they forged a link in the chain of causes which actually brought about the death" (*Matter of Anthony M.,* 63 NY2d 270, 280; *see, People v Duffy,* 79 NY2d 611, 616). The sentence of a six-month term of incarceration and a five-year term of probation is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Criminally Negligent Homicide.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.