■ Brian A. Beddingfield et al., Respondents, v Anthony LaBarbera et al., Defendants, and Island Ford, Inc., Appellant. [745 NYS2d 575] —In an action to recover damages for personal injuries, the defendant Island Ford, Inc., appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated November 15, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On February 8, 1998, the defendant Anthony LaBarbera intentionally drove a vehicle owned by the defendant Ford Motor Credit Company onto a sidewalk injuring several pedestrians, including the plaintiffs. LaBarbera was subsequently indicted for numerous crimes arising out of the incident. He pleaded guilty to one count of assault in the second degree, admitting that he intended to injure an individual who was standing on the sidewalk with the plaintiffs.

The plaintiffs subsequently commenced actions against, among others, Ford Motor Credit Company and Ford Credit Titling Trust (hereinafter collectively Ford). They sought to hold Ford vicariously liable for LaBarbera's actions pursuant to Vehicle and Traffic Law § 388.

After the actions against Ford were dismissed, based on our determination that Vehicle and Traffic Law § 388 only imposed vicarious liability for the negligent acts of a permissive operator or user of a vehicle (*see Beddingfield v LaBarbera,* 276 AD2d 575; *Mantovano v LaBarbera,* 276 AD2d 600), the plaintiffs commenced three separate actions, later consolidated with the two prior pending actions, against the appellant, Island Ford, Inc. (hereinafter Island). They alleged that Island, as lessor/owner of the aforementioned vehicle, was liable for the negligent acts of its lessee, the defendant John Micali, in leaving the vehicle's keys in his mailbox, accessible to LaBarbera, among others. Thereafter, the Supreme Court denied Island's motion for summary judgment, finding the existence of issues of fact. This was error.

Irrespective of whether LaBarbera was a permissive or nonpermissive user of the vehicle, Island, even if an owner, is not liable for the damages caused by the actions of the defendant LaBarbera in deliberately driving up on a sidewalk and injuring the plaintiffs. If he was a permissive user, then it could not have been negligence to have left the keys for him in the mailbox, since they could just as well have been handed to him and there would be no liability for the reasons set out in *Beddingfield v LaBarbera (supra)*. If LaBarbera was a nonpermissive user, then there could be no vicarious liability unless there was also a showing that Micali violated Vehicle and Traffic Law § 1210 (a). No such violation of Vehicle and Traffic Law § 1210 (a) was occasioned by merely leaving the keys in the mailbox (*see Adamson v Evans,* 283 AD2d 527; *cf. Dougherty v Kinard,* 215 AD2d 521).

In light of this determination we need not reach any issues as to Island's ownership of the vehicle in question. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.