(May 19, 2009)

■ JESSICA BALDWIN et al., Appellants, v GARAGE MANAGEMENT CORP. et al., Defendant. [880 NYS2d 298]—

In an action, inter alia, to recover damages for personal

injuries, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated January 7, 2008, as granted the motion of the defendants Garage Management Corp., Garage Management Company, LLC, and Ricant Parking, LLC, in effect, for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of their cross motion which was for summary judgment against those defendants, and (2) so much of an order of the same court dated April 15, 2008, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 7, 2008 is dismissed, as that order was superseded by the order dated April 15, 2008, made upon reargument; and it is further,

Ordered that the order dated April 15, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On the morning of October 23, 2005 the defendant Michael Walker entered a garage on East 49th Street in Manhattan, flashed what appeared to be a claim ticket and told the garage attendant that he needed to retrieve something from the trunk of his vehicle. The attendant followed Walker to the car and gave him the keys, which were situated on the back passenger's seat in a key lock. Walker then told the attendant that he had to wait for his wife. After sitting in the car for approximately 20 to 25 minutes, Walker drove away in the car without paying the attendant. The attendant called the worker on duty the night before. The worker told him that the vehicle belonged to a man not fitting Walker's description. The attendant then called the police to report the vehicle stolen.

That evening, while attempting to flee from the police, Walker drove the stolen vehicle northbound on the southbound side of the Major Deegan Expressway. He collided with a vehicle traveling southbound driven by the plaintiff Jessica Baldwin, in which the infant plaintiff was a passenger; both plaintiffs were injured in the collision. The plaintiffs initiated this action against Walker and the defendants Garage Management Corp., Garage Management Company, LLC, and Ricant Parking, LLC, the owners/operators of the garage (hereinafter collectively the garage defendants). The Supreme Court granted the garage defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiffs' cross motion, inter alia, for summary judgment against the garage defendants. The court then granted the plaintiffs' subsequent motion for reargument, and adhered to its original determination.

Upon reargument, the Supreme Court properly adhered to its original determination granting summary judgment dismissing the plaintiffs' claim based on a violation of Vehicle and Traffic Law § 1210 (a). The vehicle was not stolen from a "parking lot" as defined by Vehicle and Traffic Law § 129-b since the subject garage was not "provided *in connection with* premises having one or more stores or business establishments, and *used by the public as a means of access to and egress from* such stores and business establishments" (emphasis added). Moreover, the garage attendant's undisputed deposition testimony established that the vehicle was not left to "stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake" so as to constitute a violation of section 1210 (a) (Vehicle and Traffic Law § 1210 [a]; *see Beddingfield v LaBarbera,* 296 AD2d 563, 564 [2002]; *Matter of Interboro Mut. Indem. Ins. Co. v Weber,* 201 AD2d 733, 734 [1994]).

The Supreme Court also properly adhered to its original determination granting summary judgment dismissing the plaintiffs' common-law negligence claim since "in the absence of an applicable statute, [a defendant cannot] be held liable for damages caused by [a thief] in the operation of his vehicle" (*Richardson v County of Suffolk,* 96 AD2d 543, 544 [1983], *affd* 62 NY2d 681 [1984]; *see Phifer v State of New York,* 204 AD2d 612, 612-613 [1994]; *Katz v Goodyear Tire & Rubber Co.,* 143 AD2d 639 [1988]; *Gee v Gee,* 113 AD2d 736, 737 [1985]; *Epstein v Mediterranean Motors,* 109 AD2d 340, 344-345 [1985], *affd* 66 NY2d 1018 [1985]). Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.