OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, the accusatory instruments are reinstated, and the matter is remitted to the Justice Court for further proceedings consistent with this decision.
Defendant was charged with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and disorderly conduct (Penal Law § 240.20). The Vehicle and Traffic Law charges stemmed from defendant’s alleged operation of a motor vehicle, while she was intoxicated, in an apartment complex parking lot; the disorderly conduct charge stemmed from her alleged conduct after her arrest on the Vehicle and Traffic Law charges. The sole ground for the Justice Court’s granting of defendant’s suppression motion, and its dismissal of the charges, was its conclusion that Vehicle and Traffic Law § 1192 does not apply to driving in an apartment complex parking lot.
Vehicle and Traffic Law § 1192 (7) provides:
“Where applicable. The provisions of this section shall apply upon public highways, private roads open to motor vehicle traffic and any other parking lot. For the purposes of this section ‘parking lot’ shall mean any area or areas of private property, including a driveway, near or contiguous to and provided in connection with premises and used as a means of access to and egress from a public highway to such premises and having a capacity for the parking of four or more motor vehicles. The provisions of this section shall not apply to any area or areas of private property comprising all or part of property on which is situated a one or two family residence.”
*58 Defendant argues, as she did before the hearing court, that Vehicle and Traffic Law § 129-b further restricts the applicability of Vehicle and Traffic Law § 1192. Section 129-b defines “parking lot” as follows:
“Any area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments.”
Defendant points out, and the People do not dispute, that the apartment complex parking lot was not associated with any “stores and business establishments.” Hence, she argues, it was not a “parking lot” for the purpose of Vehicle and Traffic Law § 1192.
“We begin, as we must, with the plain meaning” (People v Finley, 10 NY3d 647, 654 [2008]) of Vehicle and Traffic Law § 1192 (7) (see id.-, see also McKinney’s Cons Laws of NY, Book 1, Statutes § 94, at 190 [“(t)he Legislature is presumed to mean what it says, and if there is no ambiguity in the act, it is generally construed according to its plain terms”]). The words of the subdivision are clear: it provides, without qualification, the definition of “parking lot” “[flor the purposes of . . . section [1192].” We find no indication of a legislative intent that the general definition of “parking lot” given in section 129-b be “incorporated into the specific definition of [‘parking lot’] in a manner that would contradict its plain meaning” (People v Walker, 81 NY2d 661, 665 [1993]; see McKinney’s Cons Laws of NY, Book 1, Statutes § 238, at 405 [“(t)he particular provision ... is considered in the nature of an exception to the general where the two are incompatible, and so far as the particular intention is applicable, the general intention yields”]). We also note the contrast between the language of Vehicle and Traffic Law § 129-b and that of Vehicle and Traffic Law § 1192 (7). The former refers to “premises having one or more stores or business establishments”; the latter — pointedly, in our view — refers simply to “premises” (see also Gerstenzang, Handling the DWI Case in New York § 5.1, at 24 [1987] [current section 1192 (7) “replaces the ‘commercial establishment’ criteria (of section 129-b) with a ‘four-parking place’ definition”]).
*59 The Justice Court relied on People v Williams (66 NY2d 659 [1985]). In Williams, the Court of Appeals held that Vehicle and Traffic Law § 1192 did not apply to the apartment complex parking lot at issue there because the lot was not “used by the public” (Williams at 660), and thus did not meet the definition set forth in Vehicle and Traffic Law § 129-b. The Justice Court’s reliance on Williams was misplaced, because Williams was decided prior to the adoption of the definition given in Vehicle and Traffic Law § 1192 (7) (see Gerstenzang, Handling the DWI Case in New York § 5.1, at 24 [“(i)n reaction to (Williams), the Legislature has enacted . . . Vehicle and Traffic Law § 1192 (8) (later renumbered as § 1192 [7]”)]).
Thus, we disagree with the conclúsion of the Justice Court, and find that the definition set forth in Vehicle and Traffic Law § 1192 (7) is the sole definition of “parking lot” for the purposes of that section (see People v DeFrance, 265 AD2d 837 [1999]; cf. People v Whipple, 97 NY2d 1 [2001]; People v Harris, 81 NY2d 850 [1993]). The apartment complex parking lot at issue here consequently fell within the ambit of the section.
Defendant also argues that the suppression order should be affirmed because the hearing testimony established that the arresting officer lacked probable cause to believe that defendant was “operating” the motor vehicle within the meaning of Vehicle and Traffic Law § 1192. The “operating” issue, although raised in the Justice Court, was not reached by that court, and is consequently not properly before this court (see CPL 470.15 [1]; People v LaFontaine, 92 NY2d 470 [1998]; People v Ryan, 23 Misc 3d 130[A], 2009 NY Slip Op 50661 [U] [App Term, 9th & 10th Jud Dists 2009]).
Defendant’s alternative arguments for dismissal are not properly before the court on this People’s appeal from what was, in effect, a suppression order.
Finally, we note that, even if the Justice Court’s determination to grant defendant’s suppression motion had been correct, dismissal of the charges would not have been the appropriate action upon the granting of the motion. Rather, the Justice Court should have done no more than suppress the evidence, and it was for the People to decide whether to proceed without it (see e.g. People v Davidson, 9 Misc 3d 131 [A], 2005 NY Slip Op 51593[U] [App Term, 9th & 10th Jud Dists 2005]).
Accordingly, the order of the Justice Court is reversed, the accusatory instruments are reinstated, and the case is remitted to the Justice Court for determination, based upon the evidence *60 presented at the suppression hearing, of the “operating” issue and any other issues raised at the hearing but not determined (see People v Jones, 39 AD3d 1169, 1171-1172 [2007]; see also People v LaFontaine, 92 NY2d at 476), and for further proceedings.
Nicolai, EJ., Molla and LaCava, JJ., concur.