The People of the State of New York, Appellant,
against
Bardh Marku, Respondent.




Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Gribetz & Dunlap (Kevin M. Dunlap, of counsel), for respondent (no brief filed).

Appeal from an order of the Justice Court of the Town of Woodbury, Orange County (Bruce A. Schonberg, J.), dated September 5, 2017. The order granted defendant's oral motion to dismiss five accusatory instruments charging defendant with driving while intoxicated (per se), driving while intoxicated (common law), speeding, driving across hazard markings and unsafe lane change, respectively. The appeal brings up for review an August 24, 2017 order of that court granting defendant's motion to suppress evidence.




ORDERED that the order dated September 5, 2017 is reversed, on the law, defendant's oral motion to dismiss the five accusatory instruments is denied and the accusatory instruments are reinstated, the August 24, 2017 order granting defendant's motion to suppress evidence is vacated, and the matter is remitted to the Justice Court for a new determination of defendant's motion following a hearing.
On June 15, 2016, the People charged defendant in separate felony complaints, each charging defendant with aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2-a) (a) and (b). On the same day, the People charged defendant, in simplified traffic informations, with speeding (Vehicle and Traffic Law § 1180 [d]), driving across hazard markings (Vehicle and Traffic Law § 1128 [d]), and unsafe lane change (Vehicle and Traffic Law § 1128 [a]). On January 3, 2017, Judge David V. Hasin reduced the two felony complaints to informations charging defendant with driving while intoxicated (per se) (Vehicle and Traffic Law [*2]§1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]; see CPL 180.50), respectively.
After several adjournments, in April of 2017, Judge Schonberg now presiding, adjourned the matter, and it was further adjourned on several occasions until July of 2017, whereupon, following consultations among the parties, the matter was adjourned to August 24, 2017 for suppression hearings. On that date, the prosecutor stated that the two police witnesses who had been subpoenaed weeks before the hearing date had not appeared, nor had they notified the District Attorney's office that they would not appear. The prosecutor also represented to the court that, upon being informed of the nonappearances, he had telephoned the witnesses' supervisor to arrange for the witnesses to be present for the hearing and that the supervisor had attempted to locate the witnesses, without success. Defense counsel moved to dismiss the accusatory instruments. The Justice Court, invoking defendant's constitutional right to a speedy trial (see CPL 30.20), granted the motion to suppress evidence but nevertheless adjourned the matter to September 5, 2017, initially for trial, and then "for a typical appearance" whereupon a trial would be scheduled "[i]f the People have anything different to say." On September 5, 2017, the court granted defendant's oral motion to dismiss the accusatory instruments.
A trial court's authority to dismiss a criminal prosecution is limited to the grounds codified in the Criminal Procedure Law (see CPL 160.50, 170.30, 290.10; Matter of Holtzman v Goldman, 71 NY2d 564 [1988]; People v Douglass, 60 NY2d 194 [1983]; People v Atta-Poku, 63 Misc 3d 131[A], 2019 NY Slip Op 50414[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). A trial court's belief that the prosecution cannot prove its case following the suppression of evidence is not among the authorized grounds (see People v Smedman, 184 AD2d 600, 603-604 [1992]; People v Lucas, 52 Misc 3d 142[A], 2016 NY Slip Op 51205[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v McDonnell, 27 Misc 3d 56, 59 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). A trial court also lacks the authority to dismiss a criminal proceeding for failure to prosecute, based simply upon the People's inability to proceed at a particular hearing (see People v Douglass, 60 NY2d at 206; People v Ramos, 37 Misc 3d 143[A], 2012 NY Slip Op 52293[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), although if the People are afforded a reasonable opportunity to produce their proof, and absent a demonstration that they had "exercised some diligence and good faith in endeavoring to have the witnesses in court," a court may summarily grant suppression upon the People's failure to produce necessary witnesses (see People v Goggans, 123 AD2d 643 [1986]; People v Popko, 58 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Such an order is not tantamount to a dismissal of a criminal action even where the effect is to deprive the People of a provable case (see Matter of Hynes v George, 76 NY2d 500, 505 [1990]; People v Popko, 58 Misc 3d at 4; People Valentin, 27 Misc 3d 19, 22 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). 
When the issue is, as here, the People's failure to produce witnesses at a suppression hearing and a trial court's refusal to grant the prosecutor's application for an adjournment to permit the People a further opportunity to produce their proof, the question is not whether the People failed to meet their burden of proof but whether they were improperly denied an opportunity to do so. In the exercise of a trial court's broad authority to grant or deny adjournments (see Matter of Anthony M., 63 NY2d 270, 283 [1984]; People v Ruiz, 57 AD3d 576 [2008]), a court may properly deny an adjournment of a suppression hearing (see People v [*3]Valentin, 27 Misc 3d at 21 ["The Court of Appeals has rejected a claim that the People are entitled to adjournments until their speedy trial time is exhausted, and has expressed disapproval of prosecutorial conduct wasteful of judicial resources and burdensome to defendants and their counsel who are required repeatedly to appear and be prepared for hearings that do not occur"] [citation omitted]). A court's exercise of discretion in this context is subject to review as to whether that discretion was providently exercised (see People v Alonso, 57 Misc 3d 155[A], 2017 NY Slip Op 51611[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Valentin, 27 Misc 3d at 21). 
Here, the denial of an adjournment of the suppression hearing occurred upon the People's initial failure to produce witnesses, which clearly was neither willful nor dilatory. The Justice Court, apparently construing defendant's motions to suppress and to dismiss to be based on the claim that the witness's nonappearance denied defendant his constitutional due process right to a speedy trial (see CPL 30.20), granted the motion to suppress and ultimately, to dismiss the accusatory instruments. Absent from these facts is evidence of the sort of dilatoriness that would merit so severe a sanction as the wholesale grant of suppression. Moreover, on the facts herein, it cannot be said that, by September 5, 2017, defendant's constitutional right to a speedy trial had been violated (see People v Taranovich, 37 NY2d 442 [1975]; e.g. People v Wiggins, 31 NY3d 1, 9-10 [2018]), even if defendant had moved for dismissal on that ground.
Accordingly, the order entered September 5, 2017 is reversed, defendant's oral motion to dismiss the five accusatory instruments is denied and the accusatory instruments are reinstated, the August 24, 2017 order granting defendant's motion to suppress evidence is vacated, and the matter is remitted to the Justice Court for a new determination of defendant's motion following a hearing.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 3, 2019