■ Joseph Surace, Appellant, v Frank Kersten, Jr., Defendant, and Herbert Friedman, Respondent. (Action No. 1.) Eric Shane et al., Appellants, v Frank Kersten, Jr., et al., Defendants, and Herbert Friedman, Respondent. (Action No. 2.) [717 NYS2d 283] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in both actions appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered September 29, 1999, which, upon the granting of the motion of Herbert Friedman, as executor of the estate of Rose Friedman, deceased, a defendant in both actions, for judgment as a matter of law made at the close of the evidence at trial, is in his favor and against them dismissing the complaints in both actions insofar as asserted against him.

Ordered that the judgment is affirmed, with costs.

The plaintiffs in Action No. 2, Eric Shane and Debra Surace, were passengers in a vehicle driven by Joseph Surace, the plaintiff in Action No. 1 and a defendant in Action No. 2, and owned by Denise DiVirgilio, a defendant in Action No. 2. That vehicle collided with a vehicle driven by Frank Kersten, Jr., a defendant in both actions, and the plaintiffs in both actions alleged that they were injured in the accident. The vehicle driven by Kersten was owned by Rose Friedman, the decedent of Herbert Friedman, the respondent, who is a defendant in both actions. The claims against Surace and DiVirgilio in Action No. 2 were settled.

It is undisputed that before the accident, Kersten stole the

decedent's vehicle from a private parking area in her condominium development. There was evidence at trial that the decedent left the keys in her parked car. The trial court granted the respondent's motion for judgment as a matter of law made at the close of the evidence at the trial of both actions on the ground that the plaintiffs failed to establish a prima facie case against him. We affirm.

Vehicle and Traffic Law § 1210 (a), which is part of Vehicle and Traffic Law title VII, provides that no person "in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition [and] removing the key from the vehicle." Vehicle and Traffic Law § 1100 (a) provides that title VII applies "upon public highways, private roads open to public motor vehicle traffic and any other parking lot." As defined in Vehicle and Traffic Law § 129-b, however, a "parking lot" is an area "of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments." Since the parking area from which the vehicle was stolen was not a "parking lot" as defined in Vehicle and Traffic Law § 129-b, Vehicle and Traffic Law § 1210 (a) does not apply, and no liability can attach based upon this statute (*see, Koenig v Price,* 200 AD2d 559).

Contrary to the plaintiffs' contention, Vehicle and Traffic Law § 1100 (a), which was amended simultaneously with the enactment of Vehicle and Traffic Law § 129-b (*see,* L 1984, ch 166; Mem of Dept of Motor Vehicles, 1984 McKinney's Session Laws of NY, at 3167), was intended to apply to "all areas except private property limited to private use" (Mem of Dept of Motor Vehicles, 1984 McKinney's Session Laws of NY, at 3168). Here, the parking area at issue was private property, limited to private use. Therefore, the trial court properly construed Vehicle and Traffic Law §§ 129-b, 1100 (a), and § 1210 (a). Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.