■ DONALD F. STEVENS et al., Respondents, v CALSPAN-CORPORATION, Doing Business as ARVIN-CALSPAN CORP., et al., Appellants, et al., Defendants. [739 NYS2d 792] —Appeal from that part of an order (denominated order/judgment) of Supreme Court, Erie County (Cosgrove, J.), entered February 15, 2001, that denied the motion of defendants Calspan-Corporation, doing business as Arvin-Calspan Corp., Calspan SLR Corporation, doing business as Arvin Calspan Corp., Arvin-Calspan Corp., Calspan Doe Corporation, doing business as Arvin-Calspan Corp., for summary judgment.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Calspan-Corporation, doing business as Arvin-

Calspan Corp., Calspan SLR Corporation, doing business as Arvin-Calspan Corp., Arvin-Calspan Corp., and Calspan Doe Corporation, doing business as Arvin-Calspan Corp., is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained in a collision between their vehicle and a vehicle owned by Calspan-Corporation, doing business as Arvin-Calspan Corp., and the remaining Calspan defendants. At the time of the accident, the Calspan vehicle was driven by defendant Mark M. Lavin, who had trespassed on Calspan's fenced and guarded property, taken the vehicle without permission, and driven off through a fence. Lavin fled the scene of the accident on foot and was subsequently convicted of, inter alia, unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]).

Supreme Court erred in denying the motion of the Calspan defendants seeking summary judgment dismissing the complaint against them. Those defendants demonstrated their entitlement to judgment as a matter of law on the claim of permissive use (*see, Manning v Brown,* 91 NY2d 116, 122; *Adamson v Evans,* 283 AD2d 527; *Villamil v Budget Rental,* 281 AD2d 207, 208; *see generally,* Vehicle and Traffic Law § 388 [1]). They also demonstrated their entitlement to judgment as a matter of law on the claim that they violated Vehicle and Traffic Law § 1210 (a), "commonly referred to as the 'key in the ignition statute'" (*Epstein v Mediterranean Motors,* 109 AD2d 340, 343, *affd for reasons stated* 66 NY2d 1018). That statute is inapplicable because the vehicle had not been kept in a "parking lot" as defined in Vehicle and Traffic Law § 129-b (*see,* Vehicle and Traffic Law § 1100 [a]; *Surace v Kersten,* 278 AD2d 226, 227; *Koenig v Price,* 200 AD2d 559, 561; *cf., Epstein v Mediterranean Motors, supra* at 343-345; *Albouyeh v County of Suffolk,* 62 NY2d 681, 683-684).

Plaintiffs submitted no evidence in opposition to the motion, but argued that it should be denied pursuant to CPLR 3212 (f). The court erred in denying the motion on that ground. Plaintiffs failed to demonstrate that facts essential to oppose the motion exist and might be obtained by discovery (*see,* CPLR 3212 [f]; *Franklin v Dormitory Auth. of State of N.Y.,* 291 AD2d 854; *Maron v Hillside Children's Ctr.,* 247 AD2d 871). Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.