■ FARIDE IGBARA, Individually and as Administrator of the Estate of SARY M. IGBARA, Deceased, Appellant, v VERIZON COMMUNICATIONS, INC., Respondent. [770 NYS2d 29]—

Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 18, 2002, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

Plaintiff's husband was murdered by an individual who, having stolen one of defendant Verizon's vehicles, gained admission to plaintiff's home by representing that he was a Verizon employee. There is no allegation that the assailant was, in fact, a Verizon employee, only that Verizon's negligence in safeguarding its vehicle placed the impostor in a position to harm plaintiff and her husband. Defendant, however, had no relationship with plaintiff and her husband sufficient to support imposing upon it a duty to protect them from the criminal conduct of a third party over whom it had neither supervision nor control (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222 [2001]; *Lauer v City of New York*, 95 NY2d 95, 100 [2000]). Accordingly, the

complaint was properly dismissed. Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.