■ LUCIA HERNANDEZ, Appellant, v LARRY L. HAGANS et al., Respondents, et al., Defendant. [801 NYS2d 4]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 24, 2004, which granted defendants-respondents' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff's husband died from injuries sustained when the vehicle he was driving was struck by a vehicle that defendant Colon had stolen from a nearby parking lot occupied by defendant Supertrans, a bus company that provides transportation for private schools. Plaintiff alleges that Supertrans was negligent in failing to provide adequate security for the lot, and in creating a condition that increased the risk of car theft from the lot by directing its employees who chose to park their personal cars in the lot to leave the cars unlocked with the keys inside. The motion court dismissed the action as against Supertrans and the lot's owner, defendant Ferrovecchio, upon a finding that the risk of car theft from the fenced lot was not foreseeable as a matter of law, and that Colon's conduct was an intervening superseding cause. We need not render those issues and reach the same result with respect to Supertrans and Ferrovecchio, but for a different reason, namely, that they had no relationship with plaintiff's decedent sufficient to support imposing upon them a duty to protect him from the criminal conduct of a third party over whom they had neither supervision nor control (*see Igbara v Verizon Communications*, 2 AD3d 330 [2003], citing *Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222 [2001] and *Lauer v City of New York*, 95 NY2d 95, 100 [2000]; *see also Waters v New York City Hous. Auth.*, 69 NY2d 225 [1987]). With respect to Hagans, the stolen car's owner, we agree that the motion court properly found that Vehicle and Traffic Law § 1210 (a) (the "key in the ignition statute") is inapplicable since the vehicle was not parked in a parking lot as defined in Vehicle and Traffic Law § 129-b (*see also* Vehicle and Traffic Law § 1100 [a]). The lot was used to park the school buses used in Supertrans's business and the private cars of its

employees, and, except for Supertrans's prospective employees, there is no evidence that it was used by the general public as a means of access to and egress from a nearby store or business establishment as required by Vehicle and Traffic Law § 129-b (*see Surace v Kersten*, 278 AD2d 226 [2000]). Concur—Andrias, J.P., Marlow, Sullivan, Ellerin and Nardelli, JJ.