■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEXIS CABA et al., Respondents. [910 NYS2d 373]—

Appeal by the People from an order of the Supreme Court,

Kings County (Ingram, J.), dated December 14, 2009, which, after a hearing, granted those branches of the defendants' omnibus motions which were to suppress physical evidence.

Ordered that the order is reversed, on the law, those branches of the defendants' omnibus motions which were to suppress physical evidence are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The Supreme Court improperly granted those branches of the defendants' omnibus motions which were to suppress physical evidence on the ground that the police officers did not have probable cause to pursue and arrest them. Contrary to the Supreme Court's determination, once the police officers witnessed the defendants trespassing into a park owned and operated by the City of New York, the entrance of which had a posted sign indicating that the park closed several hours earlier at dusk, they had probable cause to issue them summonses for committing a violation and/or arrest them for misdemeanors (see 56 RCNY 1-03 [a] [3]; 1-07 [a], [c]). The officers were thus entitled to pursue and arrest the defendants when they fled after trespassing into the park in the officers' presence (see CPL 140.10 [1] [a]; *People v Canty*, 55 AD3d 330 [2008]; *People v Simms*, 25 AD3d 425 [2006]). Since the pursuit was justified, the defendants' abandonment of weapons during the pursuit was not precipitated by any illegal police conduct (see *People v Martinez*, 80 NY2d 444, 448-449 [1992]; *People v Shippy*, 53 AD3d 590 [2008]; *People v Woods*, 281 AD2d 570 [2001], *affd* 98 NY2d 627 [2002]; see also *People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]). Consequently, the hearing court erred in granting those branches of the defendants' omnibus motions which were to suppress the weapons. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.