[986 NE2d 907, 964 NYS2d 73]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS McGEE, Appellant.

Argued February 5, 2013; decided March 21, 2013

514

**POINTS OF COUNSEL**

*Barbara J. Davies, Chief Attorney, Legal Aid Bureau of Buffalo*, Buffalo (*Karen C. Russo-McLaughlin* and *David C. Schopp* of counsel), for appellant. I. Because the proof was insufficient as a matter of law to sustain his convictions of attempted murder in the first degree and reckless endangerment in the first

degree appellant was deprived of his constitutional rights to a fair trial and due process under the law. (*Jackson v Virginia*, 443 US 307; *In re Winship*, 397 US 358; *Braxton v United States*, 500 US 344; *United States v Fernandez-Antonia*, 278 F3d 150; *People v Acosta*, 80 NY2d 665; *People v Rizzo*, 246 NY 334; *People v Kassebaum*, 95 NY2d 611; *People v Mahboubian*, 74 NY2d 174; *People v Bracey*, 41 NY2d 296; *People v Sullivan*, 173 NY 122.) II. Appellant was denied his constitutional right to the effective assistance of counsel, requiring the reversal of his conviction. (*People v Baldi*, 54 NY2d 137; *People v Benevento*, 91 NY2d 708; *People v Hobot*, 84 NY2d 1021; *People v Caban*, 5 NY3d 143; *People v Turner*, 5 NY3d 476; *People v Cabassa*, 79 NY2d 722; *People v Lane*, 60 NY2d 748; *People v Hunter*, 35 AD3d 1228; *People v Chrysler*, 233 AD2d 928; *People v Santana*, 156 AD2d 736.)

*Frank A. Sedita, III, District Attorney*, Buffalo (*Michael J. Hillery* and *Donna A. Milling* of counsel), for respondent. I. The verdict rested on legally sufficient evidence. (*People v Acosta*, 80 NY2d 665; *People v Steinberg*, 79 NY2d 673; *People v Rizzo*, 246 NY 334; *People v Butts*, 72 NY2d 746; *People v La Belle*, 18 NY2d 405; *People v Borrero*, 26 NY2d 430; *People v Lipsky*, 57 NY2d 560.) II. Defendant received effective assistance of counsel. (*People v Benevento*, 91 NY2d 708; *People v Stultz*, 2 NY3d 277.)

## OPINION OF THE COURT

GRAFFEO, J.

According to the proof presented at trial, viewed in the light most favorable to the People, defendant Demetrius McGee drove a Chevy Equinox down Cambridge Street in Buffalo while codefendant Mychal Carr fired shots toward civilians, cars and homes from the front passenger window of the vehicle. Law enforcement personnel immediately responded to the scene and, rather than surrendering, defendant led multiple police vehicles on a high-speed chase through the city. At one point during the pursuit, Officer Ron Clark nearly caught up to the Equinox. When Clark was within one car length, defendant suddenly swerved into the oncoming lane of traffic in a manner that gave Carr a clearer shot at the police officer. Carr leaned out the front passenger window and fired two or three shots at Clark but the shots missed; one bullet ricocheted off the rear driver's side door of the patrol car. As Carr slipped back into the Equinox, Clark saw that he was holding a silver handgun. Officer Clark lost sight of the Equinox as it sped away. A few

minutes later the Equinox was found abandoned and both defendant and Carr were apprehended attempting to flee the area on foot. A silver handgun bearing DNA evidence linking it to Carr was found nearby. Remarkably, no one was injured during the initial incident or the car chase.

At the joint trial of defendant and Carr, both men were convicted on an accomplice theory of reckless endangerment in the first degree for the Cambridge Street shootings and attempted murder in the first degree for the shots fired at Officer Clark. On appeal, defendant argued that the indictment should be dismissed because the evidence presented at trial was legally insufficient and, alternatively, that he was entitled to reversal of his conviction and a new trial based on the ineffective assistance of trial counsel. The Appellate Division rejected these contentions (87 AD3d 1400 [4th Dept 2011]), as do we.

Repeating the argument he made in his motion to dismiss at trial, defendant asserts that the evidence was insufficient to support the conviction because the only proof connecting him to the car chase was a spontaneous statement he made after being apprehended that he was "just the driver" of the vehicle. Claiming that this statement was uncorroborated, defendant maintains that reversal of the conviction and dismissal of the indictment was required pursuant to CPL 60.50. That statute precludes a person from being convicted of a crime based solely on a confession unless it is corroborated "with[ ] additional proof that the offense charged has been committed." The purpose of this requirement is to "avert the danger that a crime may have been confessed when no crime *in any degree* has been committed by anyone" (*People v Chico*, 90 NY2d 585, 590 [1997] [internal quotation marks and citation omitted]). Accordingly, CPL 60.50 "does not mandate submission of independent evidence of every component of the crime charged" but merely requires "some proof, of whatever weight, that a crime was committed by someone" (*id.* at 589 [citation omitted]).

■ Here, there was ample independent evidence that a crime was committed since a civilian eyewitness testified about the Cambridge Street shooting incident, several police officers recounted the events relating to the car chase and Officer Clark described the firing of shots at his vehicle. Nor was defendant's statement the only evidence connecting him to the crime—a police officer identified defendant at trial as the driver of the Equinox and defendant was arrested not far from the abandoned vehicle while attempting to flee the area.

On appeal, defendant raises several other challenges to the sufficiency of the evidence that were not presented to the trial court, arguing that his attorney was constitutionally deficient for failing to move to dismiss the indictment based on these claims. Given that defendant alleges that his trial counsel rendered ineffective assistance, we begin by noting that defendant's attorney mounted a vigorous defense, ably arguing motions such as a *Sandoval* application, actively participating in the voir dire of prospective jurors, making a cogent opening statement, cross-examining the People's witnesses, lodging appropriate objections and offering an articulate closing argument that marshaled the evidence and pointed out weaknesses in the People's proof for the benefit of defendant. That being said, we have recognized that a failure to make a significant argument may, in a rare case, result in a finding of constitutionally deficient representation, despite an attorney's otherwise adequate performance, "but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005] [citations omitted]; *see People v Turner*, 5 NY3d 476 [2005]). To rise to that level, the omission must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy. For example, "[i]n *Turner*, we determined that defendant had a meritorious record-based ineffective assistance of counsel claim because defense counsel had objected to the submission of a lesser-included offense but had neglected to raise a clear-cut and completely dispositive statute of limitations defense relating to that charge" (*People v Brunner*, 16 NY3d 820, 821 [2011] [internal quotation marks omitted], citing *Turner*, 5 NY3d at 481).

█ In this case, defense counsel was not ineffective for failing to raise the sufficiency arguments identified on appeal because they are not fairly characterized as clear-cut and dispositive in defendant's favor (*see Brunner*, 16 NY3d 820 [it was not ineffective for counsel to fail to make CPL 30.30 motion where there was negative precedent and the applicability of various exclusions was debatable]; *People v Borrell*, 12 NY3d 365, 369 [2009] [counsel was not ineffective for failing to raise issue of "uncertain efficacy"]). To the contrary, the contentions highlighted on appeal are of dubious efficacy as is evident from precedent existing at the time of trial. Defendant claims that trial counsel

should have argued that the proof was insufficient to support an inference that Carr—the shooter—intended to kill a police officer or that defendant shared Carr's intent. But we rejected comparable sufficiency arguments in *People v Cabassa* (79 NY2d 722 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]), a similar case that also involved a high-speed chase in which a passenger shot at the police who were following behind and defendant driver claimed there was insufficient evidence either of an intent to kill or a shared community of purpose between he and the shooter.

Likewise, the contention that trial counsel should have asserted a lack of sufficient evidence that defendants' actions rose to the level of an attempt, necessary to support the attempted first-degree murder conviction, also does not meet the *Turner* standard. To constitute an attempt, conduct must come dangerously near commission of the completed crime (*see People v Kassebaum*, 95 NY2d 611, 618 [2001], *cert denied* 532 US 1069 [2001]; *see* Penal Law § 110.00). In a decision issued prior to the trial of this case, we held that the evidence was sufficient to support attempted murder and attempted burglary convictions where a defendant who had been stalking a woman was arrested outside her home with a shotgun, having compiled a "to do" list memorializing a plan to break into the home and shoot the woman and her husband in front of their children (*People v Naradzay*, 11 NY3d 460 [2008]). Given this precedent, defense counsel cannot be assailed for neglecting to challenge the adequacy of the attempt evidence here since Carr actually fired two to three rounds of ammunition at Officer Clark when the two vehicles were within close proximity of each other.

To the extent that the record permits us to review defendant's remaining ineffective assistance of counsel contentions in this direct appeal, we have considered them and find them to be similarly unavailing. For example, there may have been a strategic reason for counsel's failure to request that the court charge attempted assault as a lesser included offense of the attempted murder count. In prior cases, we have recognized that the decision to request or consent to the submission of a lesser included offense is often based on strategic considerations, taking into account a myriad of factors, including the strength of the People's case. As we have noted, "[a] defendant who thinks his chances of acquittal are small may welcome giving the jury an opportunity for a compromise verdict" and therefore may not object when the People seek the submission of a lesser included

offense (*Turner*, 5 NY3d at 483-484). Conversely, where the proof against a defendant is relatively weak and the charges very serious, a defendant may elect not to request a lesser included offense so that the jury is forced to choose between conviction of a serious crime or an acquittal, with the hope that the jury will be sympathetic to defendant and uncomfortable convicting on scant evidence.

From the defense perspective, this case presented a variation on the latter scenario since a defendant with an arguably less active role was tried jointly with a codefendant more directly involved in the attempted murder. In a situation like this, the more passive defendant may be portrayed as less culpable than the codefendant, leading counsel to adopt a "go for broke" strategy that forces the jury to choose between convicting both defendants of the same serious offense despite their different roles—a result jurors may view as inequitable—or drawing a distinction between the two by convicting only the more active participant. Here, the defense at trial was that defendant was "just the driver" who was unarmed, never shot at anybody and did not intend to kill a police officer. This defense theory would appear to be consistent with a "go for broke" strategy on the attempted murder count.

For related reasons, we are unpersuaded by defendant's ineffective assistance argument predicated on defense counsel's failure to seek a severance of defendant's trial from that of the codefendant. Not only is it highly unlikely that such a motion would have been granted but, even if the application had merit, we could not conclude on this record that there was no strategic basis for the omission. With Carr—the party who discharged the gun, as established by eyewitness accounts and DNA evidence—present in the courtroom, the jury had someone before it who was directly responsible for the attempt on Officer Clark's life. Thus, the jury had the option of convicting Carr, thereby holding someone accountable, while at the same time extending leniency to defendant on the rationale that he was merely the driver of the Equinox. During his summation, defense counsel drew strong contrasts between defendant's conduct and that of Carr, noting the relative weakness of the evidence against his client as compared to Carr. To be sure, the attempt to distance defendant from Carr's acts failed since the jury convicted both men of attempted murder. But we have long recognized a distinction between an unsuccessful trial strategy

and constitutionally deficient performance (*see People v Benevento*, 91 NY2d 708, 712 [1998] ["a reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis"] [internal quotation marks and citation omitted]).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed.