■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MEDINA, Appellant. [28 NYS3d 893]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed July 18, 2014, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Sulsona*, 134 AD3d 861 [2015]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Dickerson, Hinds-Radix and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN PORTER, Appellant. [28 NYS3d 906]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 22, 2011, convicting him of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (four counts), criminal possession of a controlled substance in the seventh degree, and operating a motor vehicle with an obstructed windshield, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel at the suppression hearing (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *see also People v Caban*, 5 NY3d 143, 155-156 [2005]). Defense counsel's conduct at the hearing was reasonably competent under the circumstances (*see People v Benevento*, 91 NY2d at 712-713), and, while the defendant contends that defense counsel failed to make certain arguments in support of suppression, those arguments cannot be fairly characterized as clear-cut and dispositive in the defendant's favor (*see People v McGee*, 20 NY3d 513, 518 [2013]; *cf. People v Clermont*, 22 NY3d 931 [2013]) so as to render defense counsel ineffective for failing to make them. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.