People v Allen (2020 NY Slip Op 03295)





People v Allen


2020 NY Slip Op 03295


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


28 KA 17-02215

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRELL ALLEN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered November 8, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree, obstructing governmental administration in the second degree, reckless endangerment in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), obstructing governmental administration in the second degree (§ 195.05), reckless endangerment in the second degree (§ 120.20), and resisting arrest (§ 205.30), defendant contends that Supreme Court erred in refusing to suppress evidence obtained following a traffic stop of a vehicle in which defendant was a passenger.
The evidence at the suppression hearing established that, on the night in question, defendant was seated in the passenger seat of his cousin's vehicle, which was parked in the parking area of a public housing complex. At around that same time, two experienced Syracuse Police Department police officers driving an unmarked vehicle entered the parking area to conduct a routine property check. As the police officers drove through the parking area, they saw the cousin's vehicle start to back out of its parking space. The manner in which the backing-out maneuver occurred led the officers to believe that the cousin's vehicle had engaged in unsafe backing in violation of the Vehicle and Traffic Law, causing them to initiate a vehicle stop. After the driver exited the vehicle to speak with one of the police officers, defendant slid into the driver's seat and started to drive the vehicle away, even as the other police officer scrambled to enter the vehicle. After crashing into some nearby shrubs, defendant exited the vehicle and fled on foot, allegedly discarding a handgun as he ran.
The court denied that part of defendant's omnibus motion seeking to suppress certain evidence and statements, holding, as relevant here, that the initial vehicle stop was justified by the officers' observation of a violation of the Vehicle and Traffic Law and that defendant's escalation of the encounter by driving off and discarding the gun provided justification for the police officers to pursue and arrest him. Shortly thereafter, defendant agreed to plead guilty to the full indictment in exchange for a sentence promise of no more than eight years in prison.
Defendant contends that the court should have suppressed the evidence because the provision of the Vehicle and Traffic Law that prohibits unsafe backing did not apply to the housing complex's parking area, which is not a "parking lot" as defined by Vehicle and Traffic Law § 129-b. That specific contention is unpreserved for our review because defense counsel did not make that argument before the suppression court (see People v Simpson, 173 AD3d 1617, 1619 [4th Dept 2019], lv denied 34 NY3d 954 [2019]; People v Poole, 55 AD3d 1354, 1355 [4th [*2]Dept 2008], lv denied 11 NY3d 929 [2009]). Defendant further contends, however, that defense counsel's failure to raise that argument at the suppression hearing deprived him of effective assistance of counsel. We agree.
The prohibition in Vehicle and Traffic Law § 1211 (a) against unsafe backing applies to "public highways, private roads open to public motor vehicle traffic and any other parking lot, except where a different place is specifically referred to in a given section" of the Vehicle and Traffic Law (§ 1100 [a] [emphasis added]). Vehicle and Traffic Law § 129-b defines a "parking lot" as "[a]ny area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments" (emphasis added).
It is undisputed that the parking area in question belonged to a public housing complex consisting of several buildings divided into apartment units. On the record before us, there is no evidence that there were any stores or business establishments located in the housing complex or that the parking area was open to people who were not tenants of the complex. Thus, defendant had a valid argument that the initial vehicle stop was unlawful because the parking area in which the police purportedly observed unsafe backing was not a "parking lot" within the meaning of Vehicle and Traffic Law § 129-b (see People v Williams, 66 NY2d 659, 660 [1985]; Surace v Kersten, 278 AD2d 226, 227 [2d Dept 2000]; see also Hernandez v Hagans, 21 AD3d 335, 336-337 [1st Dept 2005]; Stevens v Calspan-Corp., 292 AD2d 809, 810 [4th Dept 2002]; Berk v Hill, 126 AD2d 920, 921 [3d Dept 1987], lv denied 70 NY2d 602 [1987]).
Defendant also had a valid argument that the initial vehicle stop could not be justified due to the police officers' objectively reasonable, yet mistaken, belief that the parking area was a "parking lot" as defined by Vehicle and Traffic Law § 129-b (see generally People v Guthrie, 25 NY3d 130, 134 [2015], rearg denied 25 NY3d 1191 [2015]). The reasonable mistake of law doctrine applies only where "the statute at issue . . . [is] susceptible of multiple interpretations and [has] not been definitively construed by . . . appellate courts" (Guthrie, 25 NY3d at 135; cf. People v Turner, 176 AD3d 1623, 1624 [4th Dept 2019], lv denied 34 NY3d 1133 [2020]). We conclude that Vehicle and Traffic Law § 129-b provides a clear definition of what constitutes a "parking lot" and is a provision that appellate courts have definitively construed as not encompassing parking areas like the one here (see generally Williams, 66 NY2d at 660; Surace, 278 AD2d at 227). Thus, it would not be an objectively reasonable mistake of law for the police officers to conclude that the initial vehicle stop was justified by an observed traffic violation because the unsafe backing did not occur in a "parking lot" within the meaning of the Vehicle and Traffic Law.
It is well settled that even a single error or failure to make an argument may amount to ineffective assistance of counsel, despite otherwise competent representation, where that error is sufficiently egregious or prejudicial (see generally People v McGee, 20 NY3d 513, 518 [2013]; People v Turner, 5 NY3d 476, 480 [2005]; People v Carter, 142 AD3d 1342, 1343 [4th Dept 2016]). "To rise to that level, the [failure to make a particular argument] must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" and it must be evident that the failure to advance that argument could not be grounded in legitimate strategy (McGee, 20 NY3d at 518; see generally People v Caban, 5 NY3d 143, 152 [2005]). Here, we conclude that the aforementioned arguments in favor of suppression were so clear-cut and dispositive that defense counsel's failure to make them rendered the representation ineffective.
Although contentions that defense counsel was ineffective survive only to the extent that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that . . . defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]; see People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]), the court's consideration of the aforementioned arguments here would likely have resulted in suppression of the handgun and, concomitantly, dismissal of some or all of the indictment (see Carter, 142 AD3d at 1343). We therefore conclude that defendant demonstrated that "there is a reasonable probability that, but for counsel's error[], [defendant] would not have pleaded guilty" (Yates, 173 [*3]AD3d at 1850 [internal quotation marks omitted]).
We therefore reverse the judgment, vacate the plea, and remit the matter to Supreme Court for further proceedings on the suppression application. On remittal, the court is directed to allow additional legal argument by both parties and, if necessary, to reopen the suppression hearing (see People v Corchado, 175 AD3d 705, 705, 708 [2d Dept 2019]; People v Aguasvivas, 158 AD3d 540, 540 [1st Dept 2018]; Carter, 142 AD3d at 1343; see generally People v Clermont, 22 NY3d 931, 934 [2013]).
In light of our determination, we do not address defendant's remaining contention.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court