People v Davis (2021 NY Slip Op 06230)





People v Davis


2021 NY Slip Op 06230


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


724 KA 18-02278

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KIVON DAVIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 25, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that County Court erred in refusing to suppress physical evidence obtained as a result of an illegal pursuit of defendant by the police. We reject that contention. The undisputed evidence at the suppression hearing demonstrated that a police officer observed a man crouching down on the porch of a boarded-up house that the officer knew to be vacant. As the officer pulled into the driveway, the man stood up and jumped over the porch railing onto the ground. At the same time, another man emerged from the side of the house, and the two men then fled together on foot. One of the two men was defendant. The officer pursued them, and another officer joined the chase and eventually apprehended both men. Thereafter, the police found, inter alia, two loaded handguns along the route the men had taken while fleeing.
Based on the officer's observations of defendant and the other man before they fled, the police had probable cause to believe that defendant had knowingly entered the premises unlawfully and was committing a trespass in the officer's presence (see generally Penal Law § 140.05; CPL 140.05). Thus, the police were "entitled to pursue and arrest" defendant (People v Lewis, 137 AD3d 1057, 1057 [2d Dept 2016], lv denied 27 NY3d 1153 [2016]; see People v Caba, 78 AD3d 857, 858 [2d Dept 2010], lv denied 20 NY3d 1096 [2013]; People v Delgado, 4 AD3d 310, 310-311 [1st Dept 2004], lv denied 2 NY3d 798 [2004]). Because the pursuit was justified, defendant's abandonment of his weapon and other physical evidence during the pursuit "was not precipitated by any illegal police conduct," and the court properly refused to suppress the physical evidence (People v Martinez, 80 NY2d 444, 448 [1992]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court