People v Henry (2022 NY Slip Op 04246)

People v Henry

2022 NY Slip Op 04246

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

372 KA 21-00364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH HENRY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 29, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and resisting arrest (§ 205.30). We affirm.
Initially, as defendant contends and the People correctly concede, defendant's purported waiver of the right to appeal is invalid. During the plea colloquy, County Court " 'conflated the right to appeal with those rights automatically forfeited by the guilty plea' " (People v Chambers, 176 AD3d 1600, 1600 [4th Dept 2019], lv denied 34 NY3d 1076 [2019]; see People v Mothersell, 167 AD3d 1580, 1581 [4th Dept 2018]) and, therefore, the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]). In addition, the court's explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]).
We reject defendant's contention that the court erred in refusing to suppress evidence recovered by the police officers. As defendant correctly concedes, the officers' initial approach was justified by their observation that defendant was committing a parking violation by blocking pedestrian use of the sidewalk with his car (see People v Valerio, 274 AD2d 950, 951 [4th Dept 2000], affd 95 NY2d 924 [2000], cert denied 532 US 981 [2001]; People v Amos, 140 AD3d 1683, 1684 [4th Dept 2016], lv denied 28 NY3d 925 [2016]), which constituted "an articulable, credible reason . . . , not necessarily indicative of criminality," entitling the officers to approach defendant and request information (People v Witt, 129 AD3d 1449, 1450 [4th Dept 2015], lv denied 26 NY3d 937 [2015]; see People v Ocasio, 85 NY2d 982, 985 [1995]). During the ensuing inquiry, the officers determined that defendant was not lawfully present on the property on which his vehicle was partially parked, which gave them probable cause to place him under arrest for trespass (see People v Davis, 199 AD3d 1331, 1332 [4th Dept 2021], lv denied 38 NY3d 926 [2022]; People v Caba, 78 AD3d 857, 858 [2d Dept 2010], lv denied 20 NY3d 1096 [2013]; see generally CPL 1.20 [39]; 140.10 [2]; Penal Law § 140.05). Because the officers' arrest of defendant was justified, defendant's subsequent deliberate abandonment of contraband while forcibly resisting the arrest "was not precipitated by any illegal police conduct, and the court properly refused to suppress [that] evidence" (Davis, 199 AD3d at 1332 [internal quotation marks omitted]; see People v Martinez, 80 NY2d 444, 448-449 [1992]).
Defendant's contentions that he was unlawfully seized at the start of the police encounter because the officers blocked him in a driveway without establishing reasonable suspicion that he had committed a crime and that he was unlawfully seized when one of the officers took his identification to perform a warrant check are unpreserved for our review "[b]ecause defendant failed to raise th[ose] specific contention[s] at the suppression hearing" (People v Simpson, 173 AD3d 1617, 1619 [4th Dept 2019], lv denied 34 NY3d 954 [2019]; see generally People v Turriago, 90 NY2d 77, 84 [1997], rearg denied 90 NY2d 936 [1997]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see generally CPL 470.15 [3] [c]).
Defendant further contends that he received ineffective assistance of counsel because defense counsel failed at the suppression hearing to cross-examine the testifying officers regarding statements they made in the police reports purportedly establishing that the police encounter was unlawful from its inception inasmuch as the officers blocked defendant's vehicle with their patrol vehicle before they had reasonable suspicion that defendant had committed a crime (see generally People v Jennings, 45 NY2d 998, 999 [1978]; People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]; People v Layou, 71 AD3d 1382, 1383 [4th Dept 2010]). Although defendant's contention survives his guilty plea (see generally People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]), it is without merit. "[E]ven a single error or failure to make an argument may amount to ineffective assistance of counsel, despite otherwise competent representation, where that error is sufficiently egregious or prejudicial" (People v Allen, 184 AD3d 1076, 1079 [4th Dept 2020]; see generally People v McGee, 20 NY3d 513, 518 [2013]; People v Turner, 5 NY3d 476, 480 [2005]). "To rise to that level, the omission must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy" (McGee, 20 NY3d at 518; see generally People v Caban, 5 NY3d 143, 152 [2005]). However, defense counsel's efforts should not be second-guessed with the clarity of hindsight simply to determine how the defense might have been more effective (see People v Murray, 194 AD3d 1360, 1362 [4th Dept 2021]).
Here, we conclude that defendant's contention is based on mere "[s]peculation that a more vigorous cross-examination might have" undermined the credibility of the police officers (People v Parson, 122 AD3d 1441, 1443 [4th Dept 2014], affd 27 NY3d 1107 [2016] [internal quotation marks omitted]; see People v Williams, 110 AD3d 1458, 1459-1460 [4th Dept 2013], lv denied 22 NY3d 1160 [2014]). The statements in the police reports do not present a clear-cut inconsistency with the officers' hearing testimony, and therefore any error failing to cross-examine the officers on the subject is not so egregious or prejudicial that defendant was deprived of meaningful representation (see McGee, 20 NY3d at 518; People v Lovette, 188 AD3d 1726, 1727-1728 [4th Dept 2020], lv denied 36 NY3d 1051 [2021]). In addition, defendant failed to demonstrate that there was no strategic or other legitimate explanation for defense counsel's failure to cross-examine the officers on the purported inconsistency between their testimony and the police reports (see Lovette, 188 AD3d at 1728; see generally People v Rivera, 71 NY2d 705, 709 [1988]; People v Foster, 101 AD3d 1668, 1669-1670 [4th Dept 2012], lv denied 20 NY3d 1098 [2013]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court