People v Henderson (2024 NY Slip Op 00717)

People v Henderson

2024 NY Slip Op 00717

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1030 KA 22-00176

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONY HENDERSON, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered November 9, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for resentencing.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminally using drug paraphernalia in the second degree (§ 220.50 [3]), defendant contends that County Court erred in refusing to suppress tangible evidence found, along with statements he made to the State Police, following a stop of his motor vehicle. We reject that contention.
This prosecution arises from an incident in which a New York State Trooper observed two vehicles parked in an otherwise empty parking lot, aligned so that their driver's side windows were facing each other. The parking lot served only a closed business and was marked with a "no trespassing" sign. The Trooper testified that the business was located in a rural, relatively high crime area where significant drug activity and burglaries had occurred and that it was unusual for people to pull into that lot to park after business hours. He also testified that he was familiar with the owners of the business and that the vehicles he observed that evening did not belong to the owners or anyone else that was supposed to be at the business at that time. Based upon the Trooper's experience in investigating hundreds of narcotics cases, he suspected that a crime, possibly a drug deal, trespass or burglary, was transpiring. The Trooper then pulled into the entrance of the parking lot, partially blocking it, and proceeded to question defendant and the driver of the other vehicle. During questioning, defendant admitted to possessing marihuana and, in a subsequent search following his arrest, was found to also be in possession of a scale, a large amount of cash, and cocaine.
We agree with defendant that, as the People correctly concede, the Trooper effectuated a seizure of defendant's vehicle when he pulled his patrol car into the entrance of the parking lot where defendant was parked, partially blocking defendant from leaving (see People v Jennings, 45 NY2d 998, 999 [1978]). We reject, however, defendant's contention that he was unlawfully seized and conclude that the court properly determined that, based on the totality of the observations by the Trooper, he had a reasonable suspicion that defendant was involved in either a drug transaction (see People v Wright, 158 AD3d 1125, 1126 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]) or a criminal trespass (see People v Davis, 199 AD3d 1331, 1332 [4th Dept 2021], lv denied 38 NY3d 926 [2022]; see also People v Amuso, 44 AD3d 781, 783 [2d Dept 2007], lv denied 9 NY3d 1030 [2008]).
Additionally, while defendant does not raise the issue, the People correctly note that the court erred in failing to "pronounce sentence on each count" on which defendant was convicted (CPL 380.20; see People v Brady, 195 AD3d 1545, 1546 [4th Dept 2021], lv denied 37 NY3d 970 [2021]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court