Blackchief v Prim (2026 NY Slip Op 00734)

Blackchief v Prim

2026 NY Slip Op 00734

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

949 CA 24-01935

[*1]TROY BLACKCHIEF AND JENNIFER BLACKCHIEF, PLAINTIFFS-RESPONDENTS,
vPATRICK J. PRIM, III, DEFENDANT, TIMOTHY J. HERBST AND RENEE L. HERBST, DEFENDANTS-APPELLANTS. 

LAW OFFICE OF VICTOR M. WRIGHT, EDMESTON (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
JOHN J. FROMEN, ATTORNEYS AT LAW, P.C., SNYDER, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (WILLIAM L. HARTFORD OF COUNSEL), FOR NONPARTY RESPONDENT TOWN OF CHEEKTOWAGA. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 26, 2024. The order denied the motion of defendants Timothy J. Herbst and Renee L. Herbst for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants Timothy J. Herbst and Renee L. Herbst is granted, and the complaint against them is dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Troy Blackchief (plaintiff), an on-duty police officer, who was struck by a vehicle owned by defendants Timothy J. Herbst and Renee L. Herbst (collectively, defendants). At the time of the accident, plaintiff was assisting in a police pursuit of defendants' vehicle, which had been stolen from defendants' residential driveway by defendant Patrick J. Prim, III.
We agree with defendants that Supreme Court erred in denying their motion seeking summary judgment dismissing the complaint against them. Defendants met their initial burden on the claim of permissive use by submitting the police report regarding the theft, video and still images capturing the theft, affirmations from defendants attesting to the theft, and documentation reflecting the undisputed nature of Prim's related criminal guilty plea (see Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 175-176, 180 [2006]; Calhoun v Maclin, Sup Ct, Erie County, Feb. 7, 2023, Chimes, J., index No. 801838/2022, affd for reasons stated below 219 AD3d 1714 [4th Dept 2023]; Stevens v Calspan-Corp., 292 AD2d 809, 810 [4th Dept 2002]). Defendants further met their initial burden on the claim that they violated Vehicle and Traffic Law § 1210 (a) by establishing that the statute is inapplicable to the instant case. Defendants' vehicle "had not been kept in a parking lot" or any other area to which the statute applies (Stevens, 292 AD2d at 810 [internal quotation marks omitted]; see Vehicle and Traffic Law §§ 129-b, 1000 [a]). In opposition, plaintiffs failed to raise a material issue of fact as to either the lack of permissive use or the applicability of Vehicle and Traffic Law § 1210 (a), and they failed to demonstrate that facts essential to oppose the motion exist and might be obtained by additional discovery (see Bratge v Simons, 173 AD3d 1623, 1624 [4th Dept 2019]; Stevens, 292 AD2d at 810).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court