People v Jaquan C.

2026 NY Slip Op 02582

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

JAQUAN C., DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

972 KA 23-02018

Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (PAUL J. WILLIAMS, III, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered March 15, 2023. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following his guilty plea of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, we conclude on this record that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Bundscho, 239 AD3d 1261, 1261 [4th Dept 2025], lv dismissed 44 NY3d 1064 [2026]; People v Simpson, 232 AD3d 1266, 1266 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied 589 US 1302 [2020]). The valid waiver encompasses defendant's challenge to the severity of his sentence (see People v Lollie, 204 AD3d 1430, 1431 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]).

Defendant also contends that he was denied effective assistance of counsel because defense counsel did not request a hearing to determine whether defendant should receive an alternative sentence as a victim of domestic violence pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (see Penal Law § 60.12). Defendant's conviction stems from an argument between defendant and the victim, his boyfriend, during which defendant stabbed the victim. The record contains indications, primarily in the presentence report, that if substantiated support the conclusion that defendant was subjected to domestic violence inflicted by the victim during the course of their relationship. We nonetheless respectfully disagree with our dissenting colleagues' view that the record is sufficiently developed to permit resolution of defendant's contention that defense counsel's failure to seek an alternative DVSJA sentence amounted to the failure to raise an argument that was "so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (People v Watkins, 42 NY3d 635, 640 [2024], cert denied — US —, 145 S Ct 459 [2024] [internal quotation marks omitted]; see People v Turner, 5 NY3d 476, 480-481 [2005]). Here, the record is silent with respect to, among other things, whether defense counsel discussed the possibility of an alternative DVSJA sentence with defendant or raised the issue during plea negotiations with the prosecution (cf. People v Linda R.M., 236 AD3d 1488, 1488-1489 [4th Dept 2025], lv denied 43 NY3d 1047 [2025]). Defendant's contention therefore involves matters outside the record and must be raised by means of a CPL article 440 motion (see generally People v Ubanwa, 242 AD3d 1520, 1522 [4th Dept 2025]; People v Houle, 236 AD3d 1296, 1297 [4th Dept 2025]).

All concur except Ogden and Nowak, JJ., who dissent and vote to modify in accordance with the following memorandum: We agree with the majority that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent, and that defendant's valid waiver [*2]encompasses his challenge to the severity of his sentence. However, we conclude that, on this record, defendant established that he was denied effective assistance of counsel based on defense counsel's failure to request a Penal Law § 60.12 hearing seeking alternative sentencing under the Domestic Violence Survivors Justice Act (DVSJA) (see § 60.12). Thus, we respectfully dissent.

Defendant and his boyfriend, the victim, engaged in an argument as defendant was dropping the victim off at work, during which defendant stabbed the victim in the chest with a knife. The victim collapsed in the front vestibule of the office building and died at the scene. Defendant stayed at the scene and called 911; he also called the victim's mother and sister to tell them what had happened. He was arrested at the scene shortly thereafter. Defendant and the victim were in a dating relationship at the time of the altercation.

At sentencing, defense counsel acknowledged that she and her cocounsel had reviewed the presentence investigation report and found it to contain no errors or omissions. The presentence investigation report reflects that defendant and the victim had "a history of domestic disputes" and that defendant previously had a stay-away order of protection in his favor against the victim. The author of the presentence investigation report, notably, referred to police records documenting that history of domestic disputes and found it "important to note that the victim was the aggressor in some of those past reports." While the majority implies that defendant and defense counsel may have discussed the possibility of DVSJA sentencing, in our view, the record affirmatively establishes that they did not. Defendant expressed no understanding that he could receive a lesser sentence under the DVSJA; quite the contrary, he repeatedly stated at the presentence interview that he believed that his negotiated prison term of 15 years was "harsh."

Defendant pleaded guilty and was sentenced without any inquiry into the possibility of DVSJA sentencing, and the sole live issue in this case was (or should have been) defendant's possible entitlement to DVSJA sentencing. Defendant did not dispute that he committed the offense, having called both 911 and the victim's mother and sister after stabbing the victim, yet defense counsel filed just a single omnibus motion before the plea and made no request for a Penal Law

§ 60.12 hearing between the time of the plea and sentencing.

Ineffective assistance may be predicated upon " '[a] single error . . . but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial' " (People v Watkins, 42 NY3d 635, 640 [2024], cert denied — US —, 145 S Ct 459 [2024], quoting People v Caban, 5 NY3d 143, 152 [2005]). "Such cases are rare . . . and typically involve the failure to raise a defense so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy" (id. [internal quotation marks omitted]; see People v Turner, 5 NY3d 476, 480-481 [2005]).

Under the DVSJA, a court may apply an alternative sentencing scheme if it determines, upon a preponderance of the evidence following a hearing (see People v Addimando, 197 AD3d 106, 112 [2d Dept 2021]), "that (a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant as such term is defined in [CPL 530.11 (1)]; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; [and] (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06 or 70.71 (2) or (3)] would be unduly harsh" (Penal Law § 60.12 [1]; see People v Nateonna R., 236 AD3d 1491, 1491-1492 [4th Dept 2025], lv denied 43 NY3d 1010 [2025]; People v Wendy B.-S., 229 AD3d 1317, 1319 [4th Dept 2024], lv denied 42 NY3d 1022 [2024]).

In our view, defense counsel's failure to pursue the possibility of alternate sentencing under the DVSJA amounted to a failure to raise an argument that was "so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (Watkins, 42 NY3d at 640 [internal quotation marks omitted]; see People v Evans, 243 AD3d 1338, 1339 [4th Dept 2025]; People v Allen, 184 AD3d 1076, 1079 [4th Dept 2020]). We do not mean to suggest that defendant would necessarily have been entitled to DVSJA sentencing following a hearing (see generally People v Wilson, 164 AD3d 1012, 1020 [3d Dept 2018]). However, in our view, it is [*3]equally clear, given the details outlined in the presentence investigation report, that defendant would have been entitled to a hearing had it been requested, because defense counsel could have presented a colorable argument at such a hearing in favor of sentencing under Penal Law § 60.12 (see CPL 530.11 [1] [e]; cf. People v Willis, 105 AD3d 1397, 1397 [4th Dept 2013], lv denied 22 NY3d 960 [2013]; see generally People v Wyatt, 246 AD3d 1448, 1449-1450 [4th Dept 2026]). In other words, regardless of defendant's ultimate success at such a hearing, we conclude that his entitlement to that hearing was "so clear-cut and dispositive that no reasonable defense counsel would have failed to [request] it" (Watkins, 42 NY3d at 640 [internal quotation marks omitted]). Nor can we conclude that defense counsel's failure to seek a Penal Law § 60.12 hearing was part of a legitimate trial strategy (see generally Wyatt, 246 AD3d at 1449-1450); indeed, we can discern no possible reason for counsel to have failed to request such a hearing other than an erroneous belief that Penal Law § 60.12 did not apply because defendant and the victim were both men.

We would therefore modify the judgment by vacating the sentence, and we would remit the matter for a Penal Law § 60.12 hearing.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court